## A. E. FLANNEKEN v. J. M. WRIGHT.

1. LANDLORD AND TENANT. *Default in payment of rent. Right of appeal. Section 1343, Code of 1880.*

    ' Section 1343, Code of 1880, gives the right of appeal in the proceeding under the code against a tenant after default in the payment of rent, as well as against a tenant holding over after the expiration of his term.

2. SAME. *Tender of rent due and costs. When allowed.·*

    And the right of such tenant to pay the rent due and all the costs and charges of such proceeding and remain in possession exists as well after trial in the circuit court on appeal, as after trial by the magistrate before whom the proceeding is begun.

3. SAME. *Judgment for possession. Tender of rent and costs. Refusal thereof. Remedy. Jurisdiction.*

    W. leased lands from F. for five years, the rent being payable in installments. The first installment fell due and was not paid. F. brought an action before a magistrate to recover possession. The magistrate found for F., and W. appealed to the circuit court, and the case was again decided in favor of F., a judgment being entered up to the effect that a writ issue to put F. in possession. The clerk was about to issue the writ in accordance with the judgment, when W. tendered the amount due for rent and the costs of the proceeding, which was refused. Whereupon W. filed a bill in chancery setting out these facts and praying an injunction against the issuance of the writ· *Held*, that W. had a right to pay the rent due and the costs of the proceeding when tendered, but his remedy against the judgment was full and complete by an application for a *supersedeas* to the circuit court, and, therefore, the chancery court is without jurisdiction.

APPEAL from the Chancery Court of Monroe County.

HON. BAXTER McFARLAND, Chancellor.

On December 8, 1885, Mrs. A. E. Flanneken leased "Greenwood Springs" to J. M. Wright for five years, the first installment of rent to be paid on December 15, 1885. Wright failed to pay this in-

stallment when it fell due, and on May 1, 1886, Mrs. Flanneken gave him written notice to pay the rent or yield possession. On May 6, 1886, she brought an action before a justice of the peace to recover possession, and judgment was rendered in her favor. Wright appealed to the circuit court, when again the cause was decided in favor of Mrs. Flanneken, and a judgment rendered that " Mrs. A. E. Flanneken recover of the defendant, J. M. Wright, possession of the premises described in the affidavit of the plaintiff, and that a writ issue to put said plaintiff, Mrs. A. E. Flanneken, into the full possession thereof, and that said plaintiff recover of said defendant and F. W. Crenshaw, W. P. Crenshaw, J. L. Wood, W. W. Smith, and S. A. Dalton, sureties on said defendant's appeal-bond, the costs in this behalf expended, for which an execution may issue against the said defendant and his sureties." This judgment was rendered on November 11, 1886. Immediately after its rendition Wright tendered to Mrs. Flanneken, and also to the circuit clerk, the full amount of the rent due and the costs of the suit, which both declined to receive. The clerk being about to issue the writ of possession, Wright filed this bill against him and Mrs. Flanneken, setting out the above facts and praying an injunction against the issuance of such writ, which was granted. A motion by Mrs. Flanneken to dissolve the injunction was overruled, and she appealed by leave of court.

*Houston & Reynolds,* for the appellant.

If on appeal the tenant has the right to stay the warrant for possession by the payment of the rent, then on a verdict against the tenant the judgment should be conditional that the warrant issue unless the tenant at once pay the rent or give satisfactory security therefor. But the judgment in the circuit court was not conditional; it orders that the landlord recover possession of the tenant, and that a writ issue to put her in possession.

If the judgment should be as is contended for by appellee, then his remedy is by appeal to this court to revise it, and not by injunction to restrain the issuance of a writ which is strictly in conformity to the judgment.

If the judgment is wrong it cannot be corrected by bill in equity

but by appeal; if the writ which was proposed to be issued did not conform to the judgment the remedy was by *supersedeas*.

As to the judgment in this case, the bill is without equity.

*Sykes & Bristow*, for the appellee,

Counsel contend that the judgment is erroneous, and that it ought to have been a conditional judgment for *rent* OR removal, and being absolute, we ought to correct it on appeal and then discharge it.

This seems to us novel doctrine—that we may have an equitable remedy against a correct judgment, against a legal judgment, but no remedy against an *erroneous* one.

We insist that if we have a right to pay off a *conditional* judgment (for rent *or* removal) by paying "*the rent due*," we have the right to pay an *absolute* judgment (for removal only) by paying "the rent due."

The statute, § 1342, will fit either case. "The warrant of removal shall be stayed."

As an abstract legal proposition we insist that where a party has a well-defined *equitable remedy* against a *correct* judgment at law this will be rather *added to* than taken away if there should be an error in the judgment.

Neither in morals nor in law will two wrongs make a right.

But where does counsel get their law for a *conditional, alternative* judgment?

Counsel seeks to find it in the analogy of *unlawful detainer*, under § 1343, and the reference therein to § 2657.

His idea is that the expression "*the right of appeal* shall exist as in case of unlawful detainer," compels the circuit court on appeal to adopt the same *proceedings* and render the same judgment in this case as in a trial *de novo* in the case of unlawful detainer.

We submit it does not follow. We submit the plain meaning of § 1343 is that the appeal *shall be allowed* on the same terms as in the cognate remedy of unlawful detainer, but that in both cases the trial shall be *de novo*—"anew on its merits"—and the appropriate judgment rendered in each case.

Note the codifier's heading of § 2657—"appeal and *proceedings*."

It is the "appeal" or "right of appeal" that is recognized in § 1343, not the "proceedings" upon appeal. The proceedings in each case must be germane and appropriate to the statutory remedy and the issue, and in both cases it is a trial *de novo*. In unlawful detainer rent or compensation for use and occupation may be recovered under § 2657, because it might have been recovered in the *justice's* court under § 2653, and it is simply extended to include rent, etc., up to time of trial in the circuit court, § 2657. It is none the less a trial *de novo*.

But in proceedings against tenant holding over, under § 1333 *et seq.*, the justice has no jurisdiction to give judgment, absolutely or conditionally, for a *dollar of rent*. Does the mere "*right of appeal*" confer a new and distinct jurisdiction in the same case tried *de novo* in the circuit court? No. It is a mere question of possession *vel non* in both courts, and § 1342 is a protection against the judgment of removal.

CAMPBELL, J., delivered the opinion of the court.

Section 1343 of the code gives the right of appeal in the proceeding against a tenant holding over after the expiration of his term or after default in the payment of rent, whichever may be the case.

The right to pay the rent due and all the costs and charges of the proceedings exists as well after trial in the circuit court on appeal as after trial by the magistrate before whom the proceeding is begun.

The remedy of the appellee was full and complete by application for a *supersedeas* to the circuit court, and therefore his bill is without equity, and on that ground the injunction should have been dissolved. It is lamentable that we have separate systems of law and equity, with the multitudinous evils flowing from the separation, but so long as this reproach to the civilization of the age exists by the constitution the courts it creates cannot disregard it, and must maintain it according to the settled rules on the subject.

By these rules the remedy of the party against an execution was in the court from which it was about to issue.

*Reversed and injunction dissolved.*