[No. 6988.]

Miller v. Owens, Administratrix.

1. Judgment—*Relief in Equity*—Equity will not relieve against a judgment where the aggrieved party is entitled to an appeal or writ of error; e. g. where judgment was given, after, as contended, the term had been regularly adjourned, an appeal had been allowed and perfected, and afterwards dismissed without prejudice, for want of prosecution.

*Error to Rio Blanco District Court.*—Hon. John T. Shumate, Judge.

Mr. B. F. Montgomery and Mr. E. C. Stimson, for plaintiff in error.

Mr. James C. Gentry, for defendant in error.

Plaintiff in error commenced an action in equity to annul and set aside what was alleged to be a voidable judgment rendered against him and in favor of Hugh R. Owens, since deceased. His right to this relief was based

upon the ground that the district court of Rio Blanco County, in which the judgment was rendered, was without jurisdiction to render it. The allegations of the complaint relied upon to establish this want of jurisdiction are to the effect that Owens, in his lifetime, commenced an action aaginst plaintiff in the district court upon which the judgment complained of was rendered, and that this cause was tried against the protest of plaintiff in error at a time when the term which it was claimed was then being held had ceased and determined, and when, in fact and in law, the court was not in session, and had been adjourned for the term, but which the judge thereafter attempted to re-convene; and (quoting from the complaint): "That before proceeding with said trial of said cause, as aforesaid, this plaintiff, by his attorneys, then and there entered his protest of record against the trial thereof, and because and on the ground, and for the reason, that the said term of said district court, so adjourned as aforesaid, and so attempted or pretended to be re-convened, was without right, authority or jurisdiction in law, and without notice of any kind or character to this plaintiff, and contrary to and regardless of his right, and against his interests in the premises."

It is further charged in the complaint that the records of the court showing that the court was regularly and legally convened at the time of the trial was not true, or correct. The complaint then alleges that plaintiff prayed and was granted an appeal to the supreme court from the judgment rendered against him; that he gave the required bond, but abandoned his appeal in favor of this action, as being more speedy and direct.

For answer, so far as material to consider, the defendant alleged facts from which it appears the court was regularly in session when the case against the plaintiff was tried, and avers that his appeal to the supreme court was dismissed, because of failure to prosecute it as

by law provided. For reply the plaintiff set up the proceedings in the supreme court on his appeal, from which it appears that it was dismissed without prejudice for failure to prosecute. On these pleadings the defendant interposed a motion for a judgment, which was sustained, and the action dismissed. Plaintiff comes here on error.

Mr. Justice Gabbert delivered the opinion of the court:

The judgment of the district court is right. It fairly appears from the pleadings that the very question upon which plaintiff relied to establish want of jurisdiction of the district court was presented to that tribunal in the action in which the judgment complained of was rendered, and ruled on adversely to his contention. This ruling is *res judicata* of the question which plaintiff now seeks to raise in the case at bar, and can only be reviewed on appeal or error from the judgment in the action in which this ruling was made.—*McCord v. McCord,* 24 Wash., 529, 64 Pac. 748; *Hyatt v. Bates,* 35 Barb., 308.

It also appears from the pleadings that if the ruling of the court on the subject of jurisdiction in the case in which the judgment attacked was erroneous, then plaintiff, by prosecuting an appeal from or writ of error to that judgment, could have had the identical question reviewed which he has attempted to raise by his action to annul the judgment. He prayed and was granted an appeal, gave the required bond, but, according to the averments of his complaint, voluntarily abandoned it. From his replication it appears that it was dismissed for failure to prosecute. For these reasons, he is precluded from resorting to equity to accomplish that which he could have accomplished by pursuing one or other of the remedies at law which the code affords.—*Hoover v. Bartlett,* 42 Oregon, 145, 70 Pac. 378; *Flannaken v. Wright,* 64 Miss., 217, 1 So. 157; *Henion v. Pohl,* 113 Ill. App., 100; 23 Cyc., 977.

Or, as stated in 23 Cyc., at page 983: "Relief will not be granted in equity against a judgment at law where the party has an adequate remedy as to the matters complained of by appeal or error, and makes no effort to avail himself of it, or has lost such remedy by failing to take proper steps to secure or perfect his appeal or writ of error."

The judgment of the district court is affirmed.

*Judgment Affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE HILL concur.