No. 17,563.

FLORA DURAN v. ADJUSTMENT BUREAU, INC., ET AL.

(287 P. [2d] 441)

Decided September 6, 1955.   Rehearing denied September 26, 1955.

Mr. LAURENCE A. ARDELL, Messrs. JENKINS, STEWART & TURSI, for plaintiff in error.

Mr. JOHN R. WALL, for defendant in error Adjustment Bureau, Inc.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

The parties to this action are here in the same order in which they appeared in the trial court. We will refer to them as they were there aligned, or by name.

It is admitted that on January 17, 1953, counsel for defendant, Adjustment Bureau, Inc. commenced an action in the court of Walter J. Christman, Justice of the Peace, against plaintiff and one Manuel Barela, to recover $246.13 on an assigned account from one Minnie Picinich, doing business as Colonial Grocery. Summons was regularly issued and served on Flora Duran and on the return day named in the summons. Flora Duran did not appear. It is also admitted that a transcript of the Justice Court judgment duly entered, signed and certified was filed in the District Court of Pueblo County. This judgment was entered January 28, 1953. Execution was issued by the clerk of the District Court and defendant Krutka, as sheriff, made a levy on certain real estate of plaintiff Duran and advertised the property for sale. On August 6, 1954, Flora Duran filed her complaint in the District Court against Adjustment Bureau, Inc.; Krutka, as sheriff, and Christman as Justice of the Peace, praying that said defendants be enjoined from collecting said judgment against Flora Duran. The judgment creditor, when this action was commenced, caused the sheriff to abandon the proceedings to sell debtor's property.

In substance, Flora Duran alleged that summons was issued in the Justic Court action against her and one Manuel Barela, and that $246.13 was the amount sued for; that the cause was tried in the Court of Justice Christman on the 28th day of January, 1953; that neither Flora Duran or her co-defendant in said action appeared; that judgment was entered against defendants in said action in the sum of $246.13; she then alleged she never had an account with Colonial Grocery, assignor of an

alleged account against her and Barela; did not owe any sum of money to either Colonial Grocery or Adjustment Bureau, Inc.; also alleged that execution had been issued on said judgment after a transcript thereof had been filed in, and had become a District Court judgment; that "said pretended judgment was fraudulently obtained" and for the "reasons so stated" the judgment is void.

A motion to dismiss the Duran complaint for an injunction was filed and sustained by the trial court. Thereupon the action was dismissed and from the judgment so entered Flora Duran brings the cause here on writ of error. It is the contention of her counsel that the complaint for an injunction did state facts sufficient to entitle her to the relief demanded.

Much is said in the brief of Plaintiff in error concerning "fraud" perpetrated on Flora Duran in this matter.

It was not until some time in September, 1953, that execution was issued on the judgment. On July 24, 1954, the sheriff was notified to proceed with the sale of Flora Duran's real estate, and on August 6, 1954, the instant action was commenced. Judgment of dismissal in the instant case was entered on August 23, 1954, at which time counsel for plaintiff in error advised the court he would stand on the complaint as filed, whereupon a motion for new trial was dispensed with and time allowed for presentation and approval of a record.

Referring to the statement in the brief of plaintiff in error concerning "fraud" perpetrated on Flora Duran, we need only state that nowhere in the complaint under consideration is there any allegation of fraud except as a conclusion of the pleader. Why defendant Duran, after proper service of summons, did not appear in the Justice Court to contest the action is not set forth in the complaint; why she waited some nineteen months after judgment was entered against her before seeking relief, does not appear. The complaint for an injunction set up no matters which would show that Flora Duran was in any way misled, or that her failure to appear in the Justice

Court or her delay in seeking relief by certiorari or otherwise, was due to excusable neglect.

■ The instant proceeding is one in equity. In *Snider v. Rinehart,* 20 Colo. 448, 39 Pac. 408, we said: "Equity will not interfere with a judgment at law where an adequate remedy is provided in the legal action which has been lost to the aggrieved party as a result of his own negligence." Reasonable diligence is essential in order to call into activity the equity powers of this court.

In *Sullivan v. International Harvester Co.,* 86 Colo. 177, 279 Pac. 43, the defendant knew of a judgment entered against him on a cognovit note in September, 1927. He did not tender a motion to set aside the default and an answer until March, 1928. A motion striking the answer thus tendered was sustained.

■ In sum Flora Duran contends that she had a good defense to the claim asserted against her in the Justice Court. Why she did not present her defense, nowhere appears. The Justice Court judgment on its face was regular. Even if Flora Duran had sought a writ of certiorari, her right to that relief was limited to a period of six months after rendition of the judgment in the Justice Court. C.R.S. 1953, 78-12-2.

■ Flora Duran having had proper notice of the Justice Court action and having defaulted therein, had legal remedies, either by way of appeal or certiorari, and she cannot come in some nineteen months later and seek relief in a court of equity and attempt to avail herself of what she now contends was a defense to the original action.

Under the record as here presented, the judgment of the trial court must be and it is affirmed.