Rainsford J. WINSLOW and Winifred W. Winslow, Plaintiffs–Appellees and Cross–Appellants,

v.

Keith D. WILLIAMS, Alma Jean Williams, Damon A. McMahan, Dorothy McMahan, Margaret E. Harrington, Irvin R. Kaiser, Carolyn D. Kaiser, William C. Kroskob, Helen P. Kroskob, Mark R. Weimer, Ardith Weimer, D.E. Steger, Richard H. Waters, Rosemary J. Waters, Bernie Hodapp, Elaine Hodapp, Thomas Wheeler, Eleanor Wheeler, John Conn Clatworthy, Barbara Brett Clatworthy, Keith L. Gay, Donna J. Gay, Lee O'Neil, Steven B. Armstrong, Deborah Armstrong, Dwight Moody, Mildred Moody, John F. Fillingham, Cheryl A. Fillingham, Cynthia J. Blake, Andrew W. Blake, E. Milton Binford, Stanley I. Rosener, Robert J. Dyer III, Stutz, Dyer, Miller, Delap, Morgan County Officials, E. Ord Wells, Henry Kammerzell, Robert Bauer, John Lindell, Judge Marvin W. Foote, Defendants 41 through 50 John/Jane Does (unknown), Defendants–Appellants and Cross–Appellees.

No. 85CA1537.

Colorado Court of Appeals, Div. II.

Aug. 6, 1987.

Rehearing Denied Oct. 8, 1987.

Certiorari Denied (Winslow) Jan. 25, 1988.

Rainsford J. Winslow and Winifred W. Winslow, pro se.

Stutz, Dyer, Miller & Delap, Robert J. Dyer, III, Denver, for defendants-appellants and cross-appellees.

METZGER, Judge.

In this proceeding, plaintiffs, Rainsford J. and Winifred W. Winslow, sought to set aside two judgments entered in favor of defendants by the Morgan County District Court. From the judgment of the Washington County District Court granting the requested relief, defendants appeal. We reverse and remand with directions.

In January of 1981 and October of 1982, judgments were entered against the Winslows by the Morgan County District Court in case number 79CV97, a class action suit filed by property owners in the community of Morgan Heights, arising out of a dispute concerning road construction and maintenance and water and sewer service. Before the trial of that matter, the Winslows filed a motion for disqualification of the trial judge alleging bias and prejudice. The trial judge denied that motion and, after a trial, entered judgment on the merits.

The Winslows appealed the judgment to this court. That appeal, Colo.App. No. 83CA0211, was dismissed with prejudice (and without written opinion) because of the Winslows' failure to file the complete record on appeal in a timely manner. Our supreme court and the United States Supreme Court denied their subsequent petitions for certiorari.

On October 1, 1984, the Winslows commenced this action in the Washington County District Court, alleging, inter alia, that the Morgan County trial judge should have disqualified himself because of bias or prejudice and that the court therefore lacked jurisdiction to render the judgments against them. Among the defendants named in the Winslows' complaint were members of the plaintiff class in case number 79CV97. The Washington County District Court determined that the Winslows

had filed a legally sufficient motion to disqualify the Morgan County trial judge. Thus, it held that the judge was divested of jurisdiction to proceed further in the case, and concluded that the judgments rendered in January of 1981 and October of 1982 were therefore void.

Defendants now appeal that ruling, and the Winslows have filed a notice of cross-appeal. This court issued an order directing the parties to address the following issues in their briefs: 1) was the trial court correct in ruling that, as to the motion to disqualify, the affidavit and the transcript were sufficient to disqualify the Morgan County trial judge; 2) may this issue be raised in either a motion pursuant to C.R. C.P. 60(b) or an independent equitable action for relief from judgment; and 3) are the Winslows precluded, by either waiver or estoppel, from raising this issue in either a C.R.C.P. 60(b) motion or an independent equitable action.

■ Initially, it is necessary to determine whether the proceeding in the Washington County District court is properly characterized as a motion for relief from judgment under C.R.C.P. 60(b) or whether it is an independent equitable action. Although the Winslows make reference to seeking relief under C.R.C.P. 60(b), the action was filed in the same manner as any other new civil action, *i.e.*, by the filing of a complaint. In addition, the action was filed approximately two years after the October 1982 Morgan County District Court judgment, was filed in a court other than the Morgan County District Court, and was assigned a docket number different from the docket number under which the previous judgment was entered. Under these circumstances, we conclude that this proceeding is properly characterized as an independent equitable action to set aside a judgment. *See* C.R.C.P. 60(b); *Atlas Construction Co., Inc. v. District Court*, 197 Colo. 66, 589 P.2d 953 (1979); *Dudley v. Keller*, 33 Colo.App. 320, 521 P.2d 175 (1974).

■ The issue thus becomes whether an independent action can be pursued as a means of attacking the 1982 final judg-

ment. We hold that under *Miller v. Owens*, 55 Colo. 88, 133 P. 141 (1913), the Winslows are estopped from relitigating the issue of the propriety of the Morgan County trial judge's failure to disqualify himself.

In *Miller v. Owens, supra,* the plaintiff (Miller) commenced an equitable action to set aside an adverse judgment alleging that the court which entered the judgment was without jurisdiction to do so. Specifically, Miller alleged that the judgment was rendered when the court was not in session. Miller's claim of lack of jurisdiction was raised in the trial court and decided adversely to him. Although he commenced an appeal from the trial court's judgment, he abandoned it, electing instead to raise his claim in an equitable action, based on his belief that such an action would be more speedy and direct.

In affirming the district court's dismissal of the equitable action, our supreme court determined that, inasmuch as the issue relied upon by Miller in the equitable action had been presented to the trial court and ruled on adversely to him, it was *res judicata* and could be reviewed only by appeal of the judgment entered in the original action. The court further determined that if the remedy of appellate review is available to a party, but is lost by his failure to take the steps necessary to secure such review, then he may not resort to equity to accomplish that which could have accomplished through appeal. The court stated:

"Relief will not be granted in equity against a judgment at law where the party has an adequate remedy as to the matters complained of by appeal or error, and makes no effort to avail himself of it, or has lost such remedy by failing to take proper steps to secure or perfect his appeal or writ of error."

*Miller v. Owens, supra.* See also *Duran v. Adjustment Bureau, Inc.*, 132 Colo. 269, 287 P.2d 441 (1955); *Snider v. Rinehart*, 20 Colo. 448, 39 P. 408 (1895); 7 *Moore's Federal Practice*, § 60.37[2] at 60-385.

Here, the Winslows presented their claim of bias and prejudice in the trial court and raised it in their appeal to this court. That

appeal was dismissed, however, because of the Winslows' failure to comply with applicable rules of procedure, and subsequent petitions for certiorari were denied by both the Colorado and United States Supreme Courts. Under these circumstances, the Winslows may not now resort to an independent equitable action as a means of accomplishing what they should have sought to accomplish through appeal.

Relying on *Johnson v. District Court,* 674 P.2d 952 (Colo.1984), the Winslows argue that *res judicata* should not apply because the Morgan County District Court lost jurisdiction when their motion for disqualification was filed. Thus, they contend that the judgment was void for lack of jurisdiction and can be attacked in an independent equitable action. This argument is misplaced.

A judgment entered without jurisdiction is void and may be attacked in a collateral proceeding. *McLeod v. Provident Mutual Life Insurance Co.,* 186 Colo. 234, 526 P.2d 1318 (1974). However, if a court with jurisdiction enters a judgment erroneously, that judgment is merely voidable, and is binding upon the parties unless vacated by the trial court or reversed by an appellate court. Such judgments are not susceptible to collateral attack. *McLeod v. Provident Mutual Life Insurance Co., supra.*

The question whether a judge should be disqualified in a civil case is a matter within the discretion of the trial court. *In re Marriage of Mann,* 655 P.2d 814 (Colo.1982). In *Johnson v. District Court, supra,* our supreme court determined that, if a trial judge in a civil case abused his discretion in denying a motion for disqualification, that *judge* did not have the authority to determine any other substantive matter that was pending before him. However, it did not hold, as the Winslows contend, that an individual judge's lack of authority to determine substantive issues is equivalent to a lack of jurisdiction over the parties or subject matter by the district court. Thus, the judgment entered in Morgan County was merely voidable and may not be collaterally attacked.

Because the Winslows are estopped from relitigating in an independent equitable action the issue of the Morgan County trial judge's failure to grant their motion for disqualification, the judgment entered by Washington County District Court cannot stand. In view of this determination, we find it unnecessary to reach the other issues briefed by the parties.

The judgment is reversed, and the cause is remanded with directions to dismiss the Winslow's complaint with prejudice.

CRISWELL and SILVERSTEIN *, JJ., concur.