**Rainsford J. WINSLOW and Winifred W. Winslow, Debtors–Appellants,**

v.

**WILLIAMS GROUP and Morgan County, Creditors–Appellees.**

Civ. A. No. 89–M–1811.
Bankruptcy No. 89–B–247–E.

United States District Court,
D. Colorado.

May 8, 1990.

Rainsford J. Winslow and Winifred W. Winslow, pro se.

E. Ord Wells, Morgan, Colo., Christina C. Bauer, Brush, Colo., for Morgan County.

C. Gail Hunter, Boulder, Colo., Philip A. Pearlman, Skeen & Pearlman, P.C., Denver, Colo., for trustee.

Paul G. Urtz, Stuta, Dyer & Miller, Denver, Colo., for Williams Class.

Raymond C. Johnson, Lakewood, Colo., for amicus curiae.

## MEMORANDUM OPINION AND ORDER

MATSCH, Judge.

This is a bankruptcy appeal in which extensive briefs have been filed. Some of the matters raised on this appeal relate to orders that were not final. Because of the nature of the controversy, the court has considered these interlocutory issues under Bankruptcy Rule 8003(c). Pursuant to Bankruptcy Rule 8012, the court has determined that oral argument will not assist determination of the issues on this appeal.

The root of this litigation is Civil Action No. 79–CV–97, a class action filed in 1979 in the District Court for Morgan County, Colorado. That case originally was filed against debtors-appellants Rainsford J. Winslow and Winifred W. Winslow and creditor-appellee Morgan County (the County). The plaintiffs in the class action, "the Williams Group," were the owners of lots in Morgan Heights, a residential subdivision in Fort Morgan, Colorado established by Winslow. The Williams Group claimed that Winslow had sold them lots and breached a number of commitments relating to roads, water and sewer service, the dedication of park lands, and the enforcement of restrictive covenants. The complaint also sought damages for fraud and misrepresentation. The County filed a cross claim against Winslow, alleging a breach of an obligation to construct certain roads.

The case proceeded in two stages. After a trial to the court on the "road issues," Morgan County District Judge James R. Leh entered a judgment requiring Winslow to build certain roads in Morgan Heights, which the County was obliged to accept and maintain. The court ordered Winslow to post a performance bond of $150,000, to be forfeited if he did not complete the road construction within six months. The court also imposed an equitable lien on Winslow's property in Morgan Heights to enforce the order for specific performance. Winslow appealed that judgment to the Colorado Court of Appeals as Case No. 81–CA–0297. The Court of Appeals dismissed the appeal without prejudice for failure to comply with C.R.Civ.P. 54, permitting interlocutory appeals.

The "non-road issues" were tried to Judge Leh in three stages between March, 1981 and January, 1982. On October 5, 1982, Judge Leh entered an order and judgment upon findings that Winslow had breached a promise to transfer the Morgan Heights water system to a non-profit, com-

munity-owned corporation, and had misrepresented or failed to disclose facts regarding water and sewer service in the development. The court awarded the plaintiffs damages on claims of promissory estoppel, fraud, and misrepresentation. The court also imposed a constructive trust in favor of the class plaintiffs on certain assets of the water and sewer utilities serving Morgan Heights, owned by the Winslows, and declared valid and enforceable certain utilities-related restrictive covenants contained in the subdivision's recorded plat. The court dismissed all claims against Morgan County and its county commissioners.

Winslow had moved to disqualify Judge Leh before the road issue trial, based on the judge's statements at a September 9, 1980 motions hearing. Winslow claimed that Judge Leh's experience as a Morgan County Commissioner, and the knowledge of county practices he gained from it, influenced his handling of the road issues and showed bias against Winslow. Judge Leh denied the motion to disqualify on November 28, 1980. On November 7, 1981, he denied another motion to disqualify.

In January, 1982, during the non-road issues trial, Winslow filed a petition for writ of mandamus in the Colorado Supreme Court, alleging that Judge Leh had denied two separate motions sufficient to disqualify him. The court denied the petition without comment.

Winslow appealed the October, 1982 judgment to the Colorado Court of Appeals. This appeal, case number 83–CA–0211, was a consolidation of all of Winslow's objections to the judgment entered in Civil Action No. 79–CV–97, and was based primarily on his contention that he had been denied a fair trial before an impartial judge. On several occasions the Court of Appeals ordered Winslow to provide a complete copy of the trial transcript. However, because of the cost of the transcript and several alleged omissions claimed to be critical to his arguments, Winslow did not file a trial transcript. In January, 1983, the Court of Appeals dismissed the appeal with prejudice. The Supreme Court of Colorado and the United States Supreme Court denied Winslow's subsequent petitions for writs of certiorari.

In the years since his appeal was dismissed, Winslow has filed many lawsuits and motions for relief from the judgments in Civil Action No. 79–CV–97. With one exception, those efforts have failed because the direct appeal from the judgments in that case was dismissed with prejudice.

The exception was a ruling by Judge George M. Gibson in the District Court for Washington County, Colorado, in Civil Action No. 84–CV–30. The defendants in that action were the plaintiff class members in Civil Action No. 79–CV–97, their attorneys, several Morgan County officials, and their attorneys. In a Judgment and Decree dated September 26, 1985, Judge Gibson held that the judgments were void because Judge Leh lost jurisdiction in Civil Action No. 79–CV–97 by failing to disqualify himself. More specifically, Judge Gibson concluded that the motion to disqualify Judge Leh was sufficient under C.R.Civ.P. 97, that Judge Leh lost jurisdiction over the case when he denied the motion, and that, therefore, the judgment he later entered in the case was void and thus subject to collateral attack.

On appeal, the Colorado Court of Appeals reversed and remanded the case with instructions to dismiss Winslow's complaint with prejudice. The court held that the judgments were not void but voidable, and that when a trial judge abuses his discretion by denying a sufficient motion to disqualify, the judgment remains binding on the parties unless it is vacated by the trial court or reversed on direct appeal. *Winslow v. Williams,* 749 P.2d 433 (Colo.App. 1987). Accordingly, the Court of Appeals concluded that Judge Gibson acted contrary to Colorado law in permitting a collateral attack on the judgments in an independent action. That decision is binding on the Bankruptcy Court and this court.

■ On this appeal, Winslow contends that the bankruptcy judge and the County should have abstained from involvement in the bankruptcy case pending the outcome of certain state court litigation. The question whether the bankruptcy judge or

County was required to abstain in this case is a matter of law and is therefore reviewable de novo. *Bartmann v. Maverick Tube Corp.,* 853 F.2d 1540, 1543 (10th Cir.1988). Winslow's abstention arguments are based on 28 U.S.C. § 1334(c)(2), which provides in pertinent part that:

> Upon timely motion of a party in a proceeding based solely upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise.

Judge Matheson properly rejected Winslow's argument. First, as both appellees argue, section 1334 does not require a bankruptcy court to abstain from proceeding in a bankruptcy case simply because a state court case bears some relationship to the bankruptcy. The statute mandates abstention from hearing the same claim or cause of action that is pending in the state court. Other aspects of the bankruptcy proceeding may continue unhampered.

█ Winslow also claims that the bankruptcy judge should have required Morgan County to abstain under section 1334(c)(2) because he filed a motion demanding the County's abstention, and the County did not ask for a hearing under Local Bankruptcy Rule 23. He argues that the bankruptcy judge was then required to order the County to abstain from further participation in the bankruptcy proceedings. There is no merit to this default argument because there is no legal basis for Winslow's motion. Section 1334 does not prevent a creditor from attempting to collect its debt in bankruptcy when the debtor sues in state court.

Winslow's third contention on appeal is that most class members in the Williams Group failed to "perfect" their judgments in Civil Action No. 79–CV–97. The judgment in that case specifically enumerated the damages awarded to each plaintiff. Winslow argues that one and a half years after the judgment was entered, District Judge Marvin Foote, sitting in Morgan County, mentioned that no member of the class was required to accept any part of the award made in the judgment and that to receive any portion of the judgment a class member would have to file a request. Additionally, Judge Foote acknowledged that disclaimers had been received and accepted.

Winslow asserts that class counsel failed to notify the plaintiffs of this procedure, that only two plaintiffs ever filed such a request, and that the other plaintiffs had failed to perfect their judgments against him and are thus owed nothing. Accordingly, Winslow argues that the bankruptcy judge erred in accepting the plaintiffs' proofs of claim based on the judgment in Civil Action No. 79–CV–97. The Williams Group responds that Judge Foote's remarks were not a court order and did not modify the judgment awarding damages to class members. They further contend that they filed adequate proofs of claim, that Winslow failed to overcome the prima facie validity of their claims, and that the bankruptcy judge thus correctly accepted the claims.

█ "A proof of claim executed and filed in accordance with [the Bankruptcy Rules] constitute[s] prima facie evidence of the validity and amount of the claim." Bankr.R. 3001(f). A debtor objecting to the claim must present evidence of invalidity sufficient to rebut the claimant's prima facie case; the claimant then must bear the ultimate burden of proving his claim. *In re Wells,* 51 B.R. 563, 566 (Bankr.D.Colo. 1985) (Gueck, J.); *In re King Resources Co.,* 20 B.R. 191, 197 (D.Colo.1982) (Winner, J.); 3 *Collier on Bankruptcy* ¶ 502.01[3], at 502–17 (15th ed. 1989). Here, judgment creditors filed proofs of claim based on their judgments in Civil Action No. 79–CV–97. Those proofs of claim are prima facie valid. Winslow's objection was based wholly on his contention that few if any of

the creditors had "perfected" their claims by filing payment requests. The bankruptcy judge correctly rejected Winslow's argument. As the bankruptcy judge noted, Winslow presented no evidence that an order requiring such perfection was entered on the docket in Civil Action No. 79–CV–97.

■ In his fourth assertion of error, Winslow claims that the bankruptcy judge ignored his showing that most of the members of the Williams Group want to settle their claims against him and are being denied that opportunity. He claims that the Bankruptcy Court has a duty to protect the rights and interests of the class members. While there is no doubt that the court in which a class action is pending must protect the interests of class members, a federal bankruptcy court has no such obligation to class members in a state court class action that resulted in judgments submitted to the bankruptcy court as proofs of claim. Accordingly, the evidence presented by Winslow was irrelevant, and properly rejected by the bankruptcy judge.

In his fifth appeal issue, Winslow asserts that the bankruptcy judge erred in declaring the question of Judge Leh's bias a core issue. Winslow claims that Judge Matheson should have declared the bias matter a non-core issue and referred it to this court. This argument is based on 28 U.S.C. § 157(b)(5), which requires "personal injury tort and wrongful death claims" relating to a bankruptcy case to be tried in the district court. Neither appellee responds directly to this argument, though each claims that Judge Matheson properly handled the bias issue.

Judge Matheson treated this not as a separate issue, but as a component of Winslow's general attack on the judgments entered in Civil Action No. 79–CV–97. He therefore essentially denied the motion on the ground that it raised an artificially separated portion of the larger question whether the creditors' proofs of claim were valid.

■ The bankruptcy judge's core/non-core determination is reviewed on the same basis as are other questions on this appeal: questions of law are reviewed de novo, and findings of fact must stand unless they are clearly erroneous. *In re Daniels–Head & Assoc.*, 819 F.2d 914, 918 (9th Cir.1987). Under 28 U.S.C. § 157(b)(2)(B), the "allowance or disallowance of claims against the estate" is a core issue. Judge Matheson's legal conclusion that the bias issue is the central facet of Winslow's attack on the judgments, and is therefore at the core of this case, is correct. Winslow's argument that the bias of a number of judges caused him "personal injuries" under section 157(b)(5) is meritless: the claims, as Winslow's opening brief acknowledges, relate to the validity of a judgment and to whether he has been provided due process, not to personal injuries.

■ Appeal issue six challenges the bankruptcy judge's decision to allow all of Morgan County's claims. Winslow argues that the road issue judgment in Civil Action No. 79–CV–97 was for specific performance; that it never has been reduced to a money judgment; that he has never been given an opportunity to challenge the County's claim that it performed the work or the bills for that work that the County submitted to the Bankruptcy Court with its proof of claim; and that the bankruptcy judge thus erred in allowing Morgan County's claims for money.

The County correctly responds that there is no requirement that a claim be reduced to a judgment before it is submitted to a bankruptcy court. 11 U.S.C. § 101(4) defines "claim" as follows:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

All proofs of claim are prima facie valid; the trustee or debtor in possession must rebut each claim with evidence as strong as

that set out in the claim. *In re Wells*, 51 B.R. at 566; *In re King Resources Co.*, 20 B.R. at 197; 3 *Collier on Bankruptcy* ¶ 502.01[3], at 502–17 (15th ed. 1989). Judge Matheson determined that Winslow failed to overcome the prima facie validity of the County's claims. Specifically, he concluded that the road issue judgment was for specific performance, but also required Winslow to post a bond, which he did not do. The bankruptcy judge then found that the road issue judgment protected the County for the road work, and that its proof of claim properly sets out the basis of its claim, evidence of the bidding process attending the construction of the roads, and the bills the County paid to have the road work done.

That conclusion was correct. First, Winslow's argument that he had never been permitted to challenge the bills, and had thus been denied due process, is without merit: Winslow was not prevented from objecting to the claims, but failed to present any evidence that the bills were incorrect or unfair. Second, whether the County's claim is cast as a legal or equitable entitlement to payment, that claim falls within the definition set out in 11 U.S.C. § 101(4). Winslow's argument that the claim had not been reduced to a judgment is irrelevant.

Appeal issue seven is based on Winslow's position that retired judges of the Colorado Court of Appeals cannot sit by designation as senior judges. That position forms the basis of Winslow's challenge to the involvement in several of his cases of retired Court of Appeals Judges Ralph Coyte and Harry Silverstein. On November 6, 1989, Winslow filed in this case a "Motion to have Colorado Supreme Court Certify a Question of Law as per C.A.R. 21.1," asking this court to refer that legal issue to the Colorado Supreme Court.

Judge Coyte served as a trial judge sometime during the proceedings in Civil Action No. 79–CV–97. Judge Silverstein sat on the panel of the Colorado Court of Appeals that reversed the judgment of Washington County District Judge George Gibson. Winslow claims that Judge Silverstein was unqualified as a judge in that case, and that the judgment in which he concurred is therefore void.

This argument is based on Winslow's reading of Article VI, section 5(3)(b) of the Colorado Constitution, under which the Chief Justice of the Colorado Supreme Court may "assign any district, probate, or juvenile judge, or retired justice, district, probate, or juvenile judge who consents, temporarily to perform judicial duties in any court." Winslow contends that because retired court of appeals judges are not included on this list, they are excluded by omission, and therefore cannot be appointed to serve by the Chief Justice. This argument is based on the maxim "expressio unius est exclusio alterius—the expression of one thing is the exclusion of another."

Judge Matheson rejected this argument, noting first that Winslow should have raised the issue with the Colorado Court of Appeals. Second, he concluded that as a matter of Colorado law the panel was properly constituted: Finally, he agreed that the judgments in Civil Action No. 79–CV–97 were not subject to a collateral attack in an independent action.

■ The Colorado Supreme Court has supervisory power over all inferior state courts under Article VI, section 1 of the Colorado Constitution. Also, the constitutional provision on which Winslow bases his argument was last amended in 1966, three years before the Colorado Court of Appeals was created. Thus, the omission of retired Court of Appeals judges from this list does not evidence an intent to exclude such judges from serving as senior judges. Moreover, this is not the proper forum for Winslow to raise this objection. Any challenge to the makeup of the Court of Appeals panel should have been made in that court. Accordingly, the bankruptcy judge's rejection of this argument is affirmed.

The arguments raised in what Winslow denominates "appeal issue eight" relate to and were addressed in connection with the proof of claim/alleged non-perfection issue discussed above in "issue four." There-

fore, those arguments need not be discussed again.

As was mentioned above, Winslow's direct appeal of the judgments in Civil Action No. 79–CV–97 was dismissed with prejudice because he failed to provide the Colorado Court of Appeals with a trial transcript. Winslow claims that he did not provide the required transcript "because [he] knew it was incomplete and that it had been tampered with." Opening Brief at 11. In appeal issue nine, he alleges that he provided the Bankruptcy Court with evidence of this incompleteness and tampering, but the bankruptcy judge ignored the evidence. Winslow lodged his complaints regarding the transcript on November 9, 1989, approximately one month after the bankruptcy judge entered the orders challenged on this appeal. While there is no ruling for this court to review, it is clear that the Bankruptcy Court must give full faith and credit to the order of dismissal by the Colorado Court of Appeals.

Appeal issue ten stems from two orders entered in March, 1989 by Bankruptcy Judge Patricia Clark. Each order fined Winslow for filing frivolous motions. Shortly after the orders were entered, Winslow moved to disqualify Judge Clark. When she denied the motion, Winslow appealed, in what became Civil Action No. 89–M–422. In a memorandum opinion and order dated March 27, 1989, this court dismissed that appeal with respect to all issues other than Judge Clark's refusal to disqualify herself. On that issue, the court affirmed. Also, treating the appeal as a petition for a writ of mandamus, the court denied the petition. On April 3, Winslow filed a motion for reconsideration, and for a stay to file a petition for mandamus in the Court of Appeals. Two days later, Winslow filed a memorandum in support of his motion to reconsider, and also moved the court to alter or amend its order of dismissal. The motion to alter or amend was denied on April 27, 1990.

Because that motion was pending when Judge Matheson made his rulings in this case, Winslow objects to the bankruptcy judge's treatment of this court's judgment in Civil Action No. 89–M–422 as final, and believes that he does not owe the sanctions imposed by Judge Clark. There is no merit to this argument now that the motion to alter or amend has been denied.

In appeal issue eleven, Winslow objects to orders of the bankruptcy judge, issued orally on October 6, 1989, and in written form on October 10, prohibiting him from pursuing certain state court lawsuits concerning the judgments in Civil Action No. 79–CV–97 or the other parties in that litigation without the prior approval of the Bankruptcy Court. See Order, *In re Winslow*, 89–B–00247–E, (Bankr.D.Colo. Oct. 10, 1989). The order was entered on the determination that "[t]his court having determined the validity of [the disputed claims stemming from Civil Action No. 79–CV–97], there is no purpose to be served by the Debtors continuing to litigate the validity of the claims of said parties in other proceedings before this Court or other courts." *Id.*

Winslow objects that the bankruptcy judge's order is not authorized by section 1107(a), and that it violates his rights under the First Amendment to the United States Constitution. The Williams Group responds that the order was entered on the basis of evidence that Winslow was using litigation to "blackmail and intimidate" his creditors. Morgan County adds that the Bankruptcy Court's powers under section 1107 are broad, and the order in this case justified.

11 U.S.C. § 1107(a) provides that:

Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights ... and powers, and shall perform all the functions and duties [with enumerated exceptions], of a trustee serving in a case under this chapter.

Under this section, a debtor in possession has the same rights, duties, and responsibilities as a trustee. *See Delgado Oil Co. v. Torres*, 785 F.2d 857, 860 (10th Cir.1986). Citing this section, the bankruptcy judge determined that Winslow's continued liti-

giousness was wasteful, detrimental to the estate, and subject to an injunction.

However, section 1107 does not expressly authorize a bankruptcy court to enjoin a debtor from filing or pursuing lawsuits. Rather, a bankruptcy court's power under this section is limited to the preservation of the bankrupt estate's assets. It does not extend to placing restrictions on the ability of a debtor, acting in his personal capacity, to prosecute actions seeking to vindicate perceived violations of his rights. While the bankruptcy judge did determine that further litigation concerning the judgments in Civil Action No. 79–CV–97 was wasteful to the estate, there is no indication that a less restrictive order would not have accomplished the same asset preservation goal. The bankruptcy judge's order is thus too broad, and is reversed. As noted in a motion to dismiss this issue on appeal, filed by the County on May 3, 1990, this issue may be moot because Winslow no longer is a debtor-in-possession.

In appeal issue twelve, Winslow contends that as a matter of Colorado law: the motions to disqualify that he filed in Civil Action No. 79–CV–97 were sufficient to force Judge Leh to recuse himself; that the judge lost jurisdiction over the case when he denied the motions; that the judgments he subsequently entered were therefore void; that, again as a matter of state law, a void judgment may be collaterally attacked at any time; and that the bankruptcy judge therefore erred in accepting the claims of creditors that are based on judgments in the Morgan Heights class action.

The creditors respond that under Colorado law a judgment entered by a court with jurisdiction over the persons and subject matter involved in a lawsuit may be attacked only on direct appeal; that Winslow's procedural default in his appeal of the allegedly void judgments made those judgments final; and that Judge Matheson was correct in accepting, for these reasons, the proofs of claim based on the judgments entered in Civil Action No. 79–CV–97.

The issues raised by Winslow's argument are all questions of law, and are therefore reviewable de novo. The argument now pressed by Winslow was squarely presented to Judge Gibson of the Washington County District Court in Civil Action No. 84–CV–30, and was expressly rejected by the Colorado Court of Appeals in reversing Judge Gibson. *See Winslow v. Williams*, 749 P.2d at 436. That court held that as a matter of Colorado law Winslow could not attack the judgments in Civil Action No. 79–CV–97 by collateral means. The Colorado Supreme Court denied Winslow's subsequent petition for a writ of certiorari, so the judgment of the court of appeals is final.

11 U.S.C. § 105 "authorizes a bankruptcy court to void a state court judgment on the ground that it is fraudulent." *Browning v. Navarro*, 887 F.2d 553, 559 (5th Cir. 1989). Also, in *Heiser v. Woodruff*, 327 U.S. 726, 732–33, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1946) the United States Supreme Court recognized that a bankruptcy court may exercise equity powers to set aside a fraudulent judgment where the issue of fraud was not previously adjudicated. However, the *Heiser* Court observed that it knew of no "principle of law or equity which sanctions the rejection by a federal court of the salutary principal of *res judicata*, which is founded upon the generally recognized public policy that there must be some end to litigation and that when one appears in court to present his case, is fully heard, and the contested issue is decided against him, he may not later renew the litigation in another court." *Id.* at 733, 66 S.Ct. at 856. The court added:

> Undoubtedly, since the Bankruptcy Act authorizes a proof of claim based on a judgment, such a proof may be assailed in the bankruptcy court on the ground that the purported judgment is not a judgment because of want of jurisdiction of the court which rendered it over the persons of the parties or the subject matter of the suit, or because it was procured by fraud of a party. But it is quite another matter to say that the bankruptcy court may reexamine the issues determined by the judgment itself. It has, from an early date, been held to the

contrary. Nor can an attack be sustained on a judgment allegedly procured by fraudulent representations by the plaintiff, when the charge of fraud has been rejected in previous litigations by the parties to the suit in which the judgment was rendered, or their representatives.

*Id.* at 736, 66 S.Ct. at 857–58 (citations omitted).

"[T]he res judicata or collateral estoppel 'consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong.'" *Goss v. Goss,* 722 F.2d 599, 605 (10th Cir.1983) (quoting *Federated Dept. Stores v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981)). Here, a state court has issued a decision that explicitly addressed and rejected the very contention raised by Winslow in the Bankruptcy Court. Judge Matheson held that Winslow was precluded by the procedural default in his direct appeal from the judgment in Civil Action No. 79–CV–97 from arguing the bias issue. While that determination is incorrect, because under *Heiser,* and *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), issues not presented and decided on their merits in previous litigation are not necessarily barred from presentation in bankruptcy proceedings, the Colorado Court of Appeals decision reversing Judge Gibson is binding on the Bankruptcy Court and this court.

In addition, the federal courts are required by 28 U.S.C. § 1738 to give full faith and credit to state judicial proceedings and determinations. Section 1738 provides, in pertinent part:

The records and judicial proceedings of any court of any ... State ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, territory, or Possession from which they are taken.

Under this statute, which implements the Full Faith and Credit Clause of the United States Constitution, U.S. Const. Art IV, § 1, federal courts "must give a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). "Indeed, though the federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgment emerged would do so." *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980).

In this case, there is an applicable state court decision rejecting the precise argument that Winslow seeks to raise here. That decision is res judicata as to that issue, and must be respected by this court under section 1738.

Appeal issues thirteen and fourteen concern matters about which this court can do nothing. In issue thirteen Winslow compares the opinion of Judge Gibson voiding the judgments in Civil Action No. 79–CV–97 with that of the Colorado Court of Appeals reversing Judge Gibson's decision. In appeal issue fourteen, Winslow argues that the Colorado Court of Appeals is biased against him. Since neither of these issues concerns a ruling of the bankruptcy judge in this case, there is nothing for review.

 There are a number of motions pending in this case that should be addressed. The first is the December 19, 1989, motion of the Williams Group to strike volumes II and III from the record on appeal. Volume II is made up of a hearing transcript and several exhibits form *Winslow, et al. v. Leh, et al.,* 577 F.Supp. 951 a civil action dismissed by Judge Kane in 1984. Winslow filed these materials in the Bankruptcy Court on November 6, 1989, more than a month after Judge Matheson entered the orders that Winslow challenges on this appeal. Volume III purports to contain a transcript of proceedings in the Bankruptcy Court.

However, this "transcript" was prepared not by the Bankruptcy Court reporter, but by Winslow's personal secretary, Jean Nielsen.

Volume II was not before the bankruptcy judge and thus cannot be considered on this appeal. Volume III was prepared by a person in close contact with Winslow, rather than officially, as provided in Bankr. Rule 8007(a) and Local Bankruptcy Rule 46(g). Accordingly, both volumes are improper supplements to the record. Similarly, the color videotape filed in this court on April 12, 1990 was not part of the record before the bankruptcy judge. Pursuant to the appellees' motions, these materials are stricken from the record.

■ On November 28, 1989, Winslow moved, pursuant to Bankruptcy Rule 5011 and 28 U.S.C. § 157(d), to withdraw reference of 89-B-247-E from the Bankruptcy Court. Rule 5011 permits a United States district court to withdraw reference of a bankruptcy proceeding "for cause shown." Winslow bases his motion for withdrawal on his belief that Judge Matheson "ruled wrongfully on a number of issues which are at issue in this instant case," Motion, at ¶ 2, and the bias that he believes is revealed by Judge Matheson's order restricting his use of the state court system. As was indicated above, the entry of that order is reversed. However, erroneous legal judgments are not sufficient to justify withdrawal of reference of this case. Rather, such errors may be corrected on appeal to this court pursuant to 28 U.S.C. § 158.

On March 9, 1990, Winslow moved this court to "permit the record to be increased with new evidence." Rather than presenting new evidence, however, this motion comprised a somewhat different version of an argument already before the court, and is based on the judgment in Civil Action No. 79-CV-97, which this court already has examined at length, and information contained in Volume II of the record on appeal, which this court has ordered stricken. Accordingly, the "motion to permit the record to be increased" is denied.

On April 12, 1990, Winslow moved to consolidate the instant appeal with Winslow's appeal of Judge Matheson's order converting the bankruptcy proceeding from Chapter 11 to Chapter 7. However, no appeal of the latter order is pending, so no consolidation is possible.

On May 3, 1990, Winslow filed a "motion for summary judgment on appeal," based on alleged new evidence that retired judges of the Court of Appeals could not serve on the panel that reversed the judgment of District Judge Gibson. Since this is not the appropriate forum for discussion of this argument, Winslow's motion is denied.

Also on May 3, 1990, the County moved to dismiss Winslow's appeal of the injunction entered by the bankruptcy judge prohibiting Winslow from pursuing certain state court litigation. The County argues that since Winslow's bankruptcy proceeding was converted to Chapter 7 on March 30, 1990, Winslow no longer is a debtor-in-possession and thus is no longer bound by restrictions placed on such debtors, including that imposed by the bankruptcy court's order. This argument need not be addressed, since the bankruptcy court's order is, for reasons set out above, reversed.

On May 4, 1990, Winslow moved to alter or amend the April 27, 1990 order of this court denying his motion for a stay of proceedings to convert his Chapter 11 reorganization proceedings into a Chapter 7 liquidation, and his motion for an "Emergency Injunctive Relief Hearing." In view of this court's disposition of this appeal, there was no basis for the requested stay or for a hearing on Winslow's request for injunctive relief. Accordingly, the motion to alter or amend is denied.

In view of this court's disposition of this appeal, the following motions are denied as moot: Winslow's January 17, 1990 motion for a stay of enforcement of the bankruptcy judge's order restricting Winslow's use of the state courts; his similar January 25, 1990 motion; and his November 6, 1989, "motion to have Colorado Supreme Court certify a question of law as per C.A.R. 21.1."

Upon the foregoing, it is

ORDERED that the October 24, 1989 motion of the Williams Group to dismiss this appeal as premature is denied; and it is

FURTHER ORDERED that all judgments and conclusions appealed from, except that, denominated "appeal issue eleven," relating to restrictions on Winslow's ability to institute or pursue litigation in Colorado state courts, are affirmed; and it is

FURTHER ORDERED that the bankruptcy judge's October 10, 1989 order restricting Winslow's ability to prosecute certain actions in the Colorado state courts is reversed; and it is

FURTHER ORDERED that the appellees' motions to strike volumes II and III, and the color videotape filed on April 12, 1990, from the record on appeal are granted; and it is

FURTHER ORDERED that Winslow's November 28, 1989 motion to withdraw reference of bankruptcy case 89–B–247–E is denied; and it is

FURTHER ORDERED that Winslow's March 9, 1990 motion to supplement the record is denied; and it is

FURTHER ORDERED that Winslow's April 12, 1990 motion to consolidate this appeal with that of Judge Matheson's order converting the Winslow bankruptcy from Chapter 11 to Chapter 7 is denied; and it is

FURTHER ORDERED that Winslow's May 3, 1990 motion for summary judgment on appeal is denied; and it is

FURTHER ORDERED that the County's May 3, 1990 motion to dismiss this appeal insofar as it relates to "appeal issue eleven" is denied; and it is

FURTHER ORDERED that Winslow's May 4, 1990 motion to alter or amend this court's April 27, 1990 order denying him a stay and hearing is denied; and it is

FURTHER ORDERED that Winslow's January 17 and January 25, 1990 motions for stays, and his November 6, 1989 "motion to have Colorado Supreme Court certi-fy a question of law as per C.A.R. 21.1," are denied as moot.