**Paul KRIJGER, M.D., Urmil Dhanda, M.D., and Amand M. Dhanda, M.D., Plaintiffs,**

**v.**

**RESTAURANT ASSOCIATES OF AMERICA, INC. and John A. Dougherty t/a Restaurant Developers of America, Defendants.**

Nos. 91–J–88 to 91–J–90.

United States District Court, D. Colorado.

Nov. 12, 1992.

James Dufficy, Denver, CO, for plaintiffs.

Martin P. Miller and Robert Steiert, Miller, Leher & Steiert, P.C., Littleton, CO, for garnishee, Martin P. Miller.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS CASE is before the Court for post-judgment matters. A hearing was held on November 5, 1992. Testimony was taken at that time, and the case was then taken under advisement. Further argument will be waived.

### I.

The facts relevant to resolution of this case are straightforward. Those facts are undisputed, though each of the parties to this matter disputes how those facts should be interpreted.

Plaintiffs commenced separate lawsuits against Defendants in the United States District Court for the Eastern District of Pennsylvania. In their complaints, each alleged that they had been defrauded by Defendants in relation to representations made as to business matters in which Plaintiffs invested. Defendants defaulted, and judgments were entered against them.[1] Attempts to satisfy the judgments in the Eastern District of Pennsylvania were unsuccessful.

On March 4, 1991, Martin Miller (Miller), attorney at law, commenced an action on behalf of John Evans and others (Evans Group) against Defendant Restaurant Associates of America, Inc. and others not involved in this case. In the petition filed under the Colorado Organized Crime Control Act (COCA), *Colo.Rev.Stat. § 18–17–101, et seq.*, Miller alleged on behalf of his clients, as well as a designated class, that defendants in that case, including Defendant Restaurant Associates of America, Inc. (RAA), had established a "Ponzi scheme" for investments and had taken thousands of dollars from the class without any intent of providing any return on the investments. The petition was filed in the Douglas County District Court and assigned to Judge Richard Turelli.

On March 4, 1991, Miller presented to Judge Turelli a motion for *ex parte* temporary restraining order. That order was granted. The order froze the money in the bank accounts of RAA. It was later modified to direct three Colorado banks to turnover to the Registry of the Douglas County District Court monies that had been deposited in accounts opened in the name of RAA or its subsidiaries. As a result, the sum of $832,295.70 was deposited in the Registry.

On March 24, 1992, Donald B. Weir (Weir) and other plaintiffs served garnishments on the three bank accounts that previously had been frozen by Judge Turelli's order. Weir and others were plaintiffs in the United States District Court for the Eastern District of Pennsylvania and had obtained judgment against RAA and others in the amount of $928,997.60. That judgment was registered in this Court as an out-of-District judgment.

Weir then filed his judgment in the Douglas County District Court as a foreign judgment. That filing was assigned case number 91CV226. He then served on April 18, 1991 a writ of garnishment on the Clerk of the Douglas County District Court. That garnishment requested turnover of all funds held in the Registry that had been secured through the restraining order.

Miller and Weir then negotiated a settlement of the garnishment. Weir agreed to take one-half of the money in the Registry, with the remainder being entrusted to Miller to hold for the Evans class. This was approved by Judge Turelli.

---

1. Judgment was entered by the United States District Court for the Eastern District of Pennsylvania in the following amounts: Plaintiff Krijger—$124,511.07; Plaintiff Urmil Dhanda— $70,838.66; and Plaintiff Amand Dhanda—$47,880. Each Plaintiff was also awarded costs and interest.

During the Summer of 1991, various attempts were made by Miller on behalf of the Evans Group to serve Defendants in the eastern United States. There is a dispute between Plaintiffs and Miller in this case as to the propriety of those attempts and subsequent services of process.

In September, 1991 judgment creditors from Arizona intervened in the Evans case in Douglas County. Those judgment creditors had previously sued Defendants and had obtained a judgment. Those judgment creditors requested some or all of the money that was held in trust by Miller.

On December 4, 1991, Plaintiffs registered their judgments with this Court. On December 12, 1991, writs of garnishment were served by Plaintiff Krijger against Miller and his firm, as well as on the Clerk of the Douglas County District Court. Miller filed an answer denying that he held any property belonging to Defendants.

On December 20, 1991, Plaintiffs recorded their judgments with the Douglas County District Court. These were filed as foreign judgments.

On January 3, 1992, Plaintiff Krijger filed a traverse to the answer of Miller. On February 6, 1992, a hearing commenced before Judge Turelli in the Douglas County District Court concerning the status of the monies held by Miller. Specifically, the judgment creditors from Arizona requested that the money be turned over to them pursuant to their judgment. Then-counsel for Plaintiffs was present at the hearing but did not actively participate.

Judge Turelli finally held that Defendants had no claim in the money being held in trust. He ruled that the money had been properly garnished by Weir and that the money ceased to be that of Defendants.

On August 31, 1992 Plaintiffs Urmil Dhanda and Amand Dhanda served writs of garnishment on Miller. Plaintiff Krijger had previously done so. The same general answer was filed by Miller. In that answer he alleged that he held no property that belonged to Defendants. The traverse previously filed was again filed as to this answer.

An evidentiary hearing was held on November 5, 1992. Miller was called as a witness for Plaintiffs and several documents concerning the judgments and garnishments were admitted. Any additional facts necessary for resolution of this case will be discussed in subsequent sections of this opinion.

## II.

Plaintiffs' argument is two-fold. First, Plaintiff Krijger argues that he has priority over the garnishment in the Evans lawsuit in the Douglas County District Court. Second, the judgment entered by the Douglas County District Court is void and subject to collateral attack. These two arguments will be discussed together.

Evans and others filed their action in the Douglas County District Court alleging that they had been defrauded. The general allegation was that the "Ponzi scheme" involved provided that those investing in the real estate and other investments were getting nothing in return. It was alleged that fraud and theft had occurred.

As one part of the lawsuit, Evans and others, through Miller as their counsel, alleged that the COCA had been violated. They specifically exercised those rights granted to them under *Colo.Rev.Stat. § 18-17-106.* That particular section allows an aggrieved person to bring a civil action against another party and to seek injunctive relief and monetary damages. Pursuant to this section, Evans and others sought to secure the temporary restraining order to preclude the removal of any funds by RAA and others prior to resolution of rights in the Douglas County District Court. That request was granted, as the money was present in Colorado in three bank accounts. It should further be noted that the petition filed by Miller alleged that the fraudulent acts had occurred here in Colorado.

■ Plaintiffs' position is that the judgment and proceedings held by the Douglas County District Court were void. Plaintiffs have argued that no effect should be given to that judgment and, therefore, their writs of garnishment here have pre-

eminence over any action in the Douglas County District Court. The argument is premised upon the lack of proper service, as evidenced by alleged violations of the Colorado civil rules. This Court disagrees.

■ A judgment entered by a court having jurisdiction must be given full faith and credit under Article IV, Section 1, of the United States Constitution. *Morris v. Jones,* 329 U.S. 545, 553, 67 S.Ct. 451, 457, 91 L.Ed. 488 (1946); *Durfee v. Duke,* 375 U.S. 106, 109, 84 S.Ct. 242, 244, 11 L.Ed.2d 186 (1963). That basic constitutional principle is binding upon the courts of the State of Colorado. *Marworth, Inc. v. McGuire,* 810 P.2d 653 (Colo.1991); *Winslow v. Williams,* 749 P.2d 433 (Colo.App.1987). That principle is also binding upon this Court. *See, Jacobs v. Dujmovic,* 752 F.Supp. 1516 (D.Colo.1990), aff'd 940 F.2d 1392.

■ Plaintiffs argue that there was a lack of jurisdiction and, therefore, the judgment of the Douglas County District Court is void. Plaintiffs have confused the concept of voidness with that of voidability. A void judgment is one where there is no jurisdiction in a court. Entry of a judgment thus would be a nullity. *McLeod v. Provident Mutual Life Ins. Co.,* 186 Colo. 234, 526 P.2d 1318 (1974); *Winslow v. Williams, supra* at p. 436.

In this case, the allegations in the Douglas County District Court were that the fraudulent acts had occurred in Colorado and that the stolen money was being held by the three banks in this State. Thus, there was jurisdiction over the subject matter of this case. This is not a matter where want of jurisdiction exists. *See, Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940); *see also Hanley v. Four Corners Vacation Properties, Inc.,* 349 F.Supp. 229 (D.Colo.1972).

The allegations of failure to serve Defendants rests on technicalities under the Colorado Rules of Civil Procedure. In effect, Plaintiffs are asking to step into the shoes of the Defendants and to be allowed to raise defenses for them. This simply is not proper. Further, the judgments entered in the United States District Court for East-

ern District of Pennsylvania do not name all of the defendants who are before the Douglas County District Court. Defendant Dougherty is not a party to the Douglas County action, while others are not named in the judgment registered in this Court.

Plaintiffs have cited three cases for the proposition that strangers may attack the propriety of entry of a judgment against a defendant. *See, Johnson v. Hartford, Inc.,* 99 Idaho 134, 578 P.2d 676 (1978); *In re Estate of Pechman,* 532 P.2d 385 (Colo. App.1975) (NSOP); *Steph v. Scott,* 840 F.2d 267 (5th Cir.1988). All three of these cases involved special fact situations and relate primarily to an issue of domestic relations or insurance law. In *Pechman,* the Colorado Court of Appeals held that there was no jurisdiction to direct a father to maintain National Service Life Insurance. The *Johnson* decision is not dissimilar. Plaintiffs have not provided to this Court, nor has this Court independently found, any case which allows the type of attack on a state judgment like that brought here by Plaintiffs. Plaintiffs simply lack any standing to raise in this Court the lack of propriety of entry of the judgment against RAA in Douglas County.

There was jurisdiction over the cause of action and monies held by the banks. There certainly was jurisdiction over the causes of action that were alleged to have occurred in this State. Even if the entry of the judgment by the Douglas County District Court was erroneous, it is still binding upon this Court.

A judgment entered without jurisdiction is void and may be attacked in a collateral proceeding. (cit. omit). However, if a court with jurisdiction enters a judgment erroneously, that judgment is merely voidable, and is binding upon the parties unless vacated by the trial court or reversed by an appellate court. Such judgments are not susceptible to collateral attack.

*Winslow v. Williams, supra* at p. 436; *see also, Tucker v. Vista Financial Corp.,* 192 Colo. 440, 560 P.2d 453 (1977).

■ Defendants have not objected to the entry of judgment by the Douglas County Court nor have they attempted to set it aside. Service of process did take place in the state case. It is Defendants' duty to raise such objections as to lack of proper service. Defendants may well have been on proper notice and chose, as a tactical matter, not to contest the action. That certainly was Defendants' right. The judgment entered is, at best, voidable. There was jurisdiction, contrary to the assertions of Plaintiffs.

The Court is also troubled by the actions of Plaintiffs through their counsel. Plaintiffs not only registered their judgments in this Court, but also filed them as foreign judgments in the Douglas County District Court. Despite being on full notice that all issues surrounding the ownership and status of the money were being resolved by that court, Plaintiffs and their then-counsel chose not to participate. It must be noted that Plaintiffs had consented to the jurisdiction of the state courts to collect on their judgments by filing under *Colo.Rev.Stat. § 13-53-101, et seq.* (Uniform Enforcement of Foreign Judgments Act). Plaintiffs chose through their then-counsel to sit "on the sidelines" while Judge Turelli sorted out the various claims to the monies. When he ruled in the fashion that he did, Plaintiffs then discharged their counsel, retained new counsel, and came to this Court to litigate the issue of the writs of garnishment. This Court is satisfied that Plaintiffs are bound by the ruling of the Douglas County District Court, particularly after having availed themselves of the jurisdiction of that court through the filing of the foreign judgments.

This Court finds that the ruling of the Douglas County District Court must be given full faith and credit. That ruling specifically determined that the money held by Miller was not the property of Defendants.[2] That ruling was done with jurisdiction and the judgment is not void. At best, assuming the argument of Plaintiffs, the judgment may only be voided at the election of the Defendants. Plaintiffs lack standing to collaterally attack the judgment of the Douglas County District Court. That is even more true when Plaintiffs were present and chose not to litigate the issues before that court.

IT IS HEREBY ORDERED that the traverses of the garnishments filed by Plaintiffs are denied; and

IT IS FURTHER ORDERED that the writs of garnishment issued and served upon Martin Miller are dismissed; and

IT IS FURTHER ORDERED that each side shall pay its own attorney's fees and costs; and

IT IS FURTHER ORDERED that each side shall have ten days in which to seek review of this order pursuant to Fed. R.Civ.P. 72.

**2.** This Court also agrees that the garnishment by Weir caused the transfer of all funds to that party. The negotiated settlement was done as a practical business matter. But for the negotiated settlement, Weir would have received all of the money. Once the settlement was reached, the one-half of the proceeds held by Miller was for the benefit of the Evans Group. In effect, Miller gave up for his clients a potential claim that all monies belonged to the class and that title never transferred to RAA due to its theft and fraud. The negotiated settlement was a proper business decision made by Miller on behalf of the Evans Group and Weir. It was also approved after a complete review by the Douglas County District Court.