Bruce GALLAGHER, Plaintiff–Appellant,

v.

Verna INGRAM, a/k/a Verna Wilson,
Defendant–Appellee.

No. 99CA1332.

Colorado Court of Appeals,
Div. V.

Jan. 4, 2001.

Rehearing Denied March 15, 2001.

Certiorari Denied Sept. 4, 2001.

Robert A. Francis, P.C., Robert A. Francis, Aspen, CO, for Plaintiff–Appellant.

Worrell, Griffith, Durrett, & Jaynes, P.C., Anthony J. Durrett, Glenwood Springs, CO, for Defendant–Appellee.

Opinion by Judge ROY.

In this landlord-tenant action, plaintiff, Bruce Gallagher (tenant), appeals from the trial court's order reducing the amount of attorney fees awarded to him and against Verna Ingram (landlord). Tenant also appeals the trial court's denial of his request for pre-award and post-award interest on the attorney fees and costs. We dismiss the appeal.

This matter was commenced in county court for the collection of a security deposit pursuant to § 38–12–103, C.R.S.2000. During oral arguments on the merits, we raised the issue of our jurisdiction, sua sponte, and following argument we ordered the parties to file simultaneous supplemental briefs on the question of what, if any, implications § 13–6–310, C.R.S.2000, had on the jurisdiction of this court.

The record of the proceeding before the county court is not before us. However, the district court made detailed findings with respect to the county court proceedings in its order awarding attorney fees. The district court found: (1) that the matter was commenced in county court by tenant alleging tort claims and a claim for return of the rent deposit; (2) that landlord filed a counterclaim for $610 for damages to the premises; (3) that the matter was set for a two-day trial to the court; (4) that both parties endorsed several witnesses, most of whom were to testify on the tort and damage claims; (5) that the county court granted landlord's mo-

tion for directed verdict as to all of tenant's claims at the close of tenant's case, concluding, as to the security deposit claim, that tenant's notice of intent to sue under § 38–12–103(3)(a), C.R.S.2000, was defective; and, (6) that the landlord voluntarily dismissed her damage claims because it was not economical to pursue them.

Upon review, the district court reversed the county court's order granting the directed verdict and, without further hearings, entered judgment for tenant on his rent deposit claim, including treble damages in the amount of $1,530, and attorney fees. The tenant then filed his request for attorney fees with a supporting affidavit in the amount of $21,130.86, which was subsequently supplemented to request $35,170.12. Landlord objected to the amount of the attorney fees, a hearing was held, and the district court awarded tenant $9,925 in attorney fees and some costs.

■ There is nothing in the record indicating that either party moved to transfer the case to the district court, or that landlord consented to the transfer. Landlord has not appealed the entry of the judgment and the award of treble damages for the security deposit.

Section 13–6–310 provides as follows:

(1) Appeals from final judgments and decrees of the county courts shall be taken to the district court for the judicial district in which the county court entering such judgment is located. Appeals shall be based upon the record made in the county court.

. . . .

(4) Further appeal to the supreme court from a determination of the district court in a matter appealed to such court from the county court may be made only upon writ of certiorari issued in the discretion of the supreme court and pursuant to such rules as that court may promulgate.

Section 13–6–311(5), C.R.S.2000, and C.R.C.P. 411(a)(5) both read as follows:

Unless there is further review by the supreme court upon writ of certiorari and pursuant to the rules of such court, after final disposition of the appeal by the dis-

trict court, the judgment on appeal therein shall be certified to the county court for action as directed by the district court, except upon trials de novo held in the district court or in cases in which the judgment is modified, in which cases the judgment shall be that of the district court and enforced therefrom.

■ Section 13–6–310(1), C.R.S.2000, mandates that all appeals from final judgments of the county court must be taken to the district court. Any appeal from the district court is by writ of certiorari to the supreme court pursuant to § 13–6–310(4), C.R.S.2000. While Section 13–6–311(5), C.R.S.2000, provides that the district court may enforce its order in the event there is no appeal, and it does not, in our view, impact the appellate process. If the meaning of a statute is clear, we must apply the provision as written. Such is the case here.

■ Further, application of the foregoing plain meaning construction of the statute leads to logical and consistent conclusions while reducing traps for the unwary. Instead of a party having to elect an avenue of appeal from the district court order on appeal based upon the remedy granted, all appeals from a ruling of the district court on appeal from the county court are by writ of certiorari to the supreme court.

Conversely, if, as plaintiff urges, an appeal may be taken to this court from the district court because the district court considered additional matters and first entered the order or judgment, then multiple appeals in the same case would necessarily follow different appellate courses. Specifically, the judgment on the issues considered initially by the county court would proceed on writ of certiorari to the supreme court; and the appeal of the additional matters considered by the district court would be by direct appeal to this court.

Accordingly, we conclude that we lack jurisdiction to consider the appeal pursuant to § 13–6–310(4).

Appeal dismissed.

RULAND and NIETO, JJ., concur.