**In re the Marriage of Cynthia GANCE, Appellee,**

and

**James Gance, Appellant.**

No. 99CA1627.

Colorado Court of Appeals, Div. I.

March 29, 2001.

Certiorari Denied Nov. 27, 2001.

John L. Livingston & Associates P.C., John L. Livingston, Lakewood, CO, for Appellee.

Amado L. Cruz, Denver, CO, for Appellant.

Opinion by Judge DAILEY.

In this combined action for independent equitable relief and damages, respondent, James Gance (husband), appeals the judgment modifying permanent orders for property distribution and maintenance and awarding petitioner, Cynthia Gance (wife), damages, exemplary damages, and attorney fees, based upon husband's fraudulent concealment of assets and income in the dissolution proceeding. We reverse the judgment insofar as it sets aside and modifies portions of the permanent orders and awards attorney fees to wife. We affirm the portions of the judgment pertaining to wife's claims for civil fraud and exemplary damages. Finally, we remand for additional proceedings con-

cerning wife's motion for modification of maintenance and request for attorney fees.

The parties' marriage was dissolved in 1997. At the permanent orders hearing, the trial court found that husband had hidden and then dissipated approximately $305,000. About ten months later, wife learned that husband had purchased a $416,000 residence several days after permanent orders entered, using a cash down payment exceeding $100,000. She discovered the purchase after being contacted by an officer of the United States Treasury Department who was investigating eleven $9,900 deposits husband and his girlfriend made in separate banks on the same day shortly after the permanent orders hearing.

Wife commenced an "independent equitable action" seeking to set aside the property division and maintenance portions of permanent orders on the basis that husband had fraudulently concealed additional assets and income. Wife also filed a separate complaint asserting claims for fraud and concealment and seeking compensatory and exemplary damages. The trial court consolidated the two actions in the original dissolution proceeding and conducted a hearing on wife's claims.

At the conclusion of that hearing, the trial court determined that husband had committed a fraud upon the court in concealing $110,000 in assets and in otherwise failing to disclose certain income at permanent orders. Consequently, the court set aside and modified the original property distribution by dividing the concealed assets equally, with each party receiving $55,000. Based upon husband's concealment of income, the trial court also set aside the original maintenance award and increased the amount by $250 per month retroactive to the date of permanent orders.

The court then found in favor of wife on her civil fraud claim and awarded her $55,000 in compensatory damages. Further, because it also found that husband's conduct was willful and wanton, the court awarded wife an additional $55,000 in exemplary damages.

Finally, the trial court ordered husband to pay wife's attorney fees totaling $12,885.

## I. Division of Property and Maintenance

Husband first contends that the trial court erred in vacating and modifying those portions of the permanent orders concerning the division of property and maintenance. He argues that fraudulent nondisclosure of assets and income is not sufficient basis for setting aside a judgment ten months after it has been entered. We agree.

Under C.R.C.P. 60(b)(2), a party may, within six months of the entry of judgment, move for relief from judgment on the basis of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." However, the "savings clause" of C.R.C.P. 60(b) provides, in pertinent part, that the rule:

> does not limit the power of a court: (1) To entertain an independent action to relieve a party from a judgment, order, or proceeding, or (2) to set aside a judgment for fraud upon the court.

According to commentators analyzing the substantially similar savings clause contained in Fed.R.Civ.P. 60(b), an independent equitable action and a claim of fraud upon the court are separate and distinct bases for obtaining relief from a judgment. *See* 12 *Moore's Federal Practice* § 60.81[1][b][v] (3d ed.1997); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* §§ 2868, 2870 (2d ed.1995).

The supreme court has recognized this distinction. *See Southeastern Colorado Water Conservancy District v. Cache Creek Mining Trust*, 854 P.2d 167 (Colo.1993) (analyzing independent equitable action and claim of "fraud upon the court" separately).

Courts often confuse an independent equitable action for relief based on fraud with a request for relief based on "fraud upon the court." *See Moore's Federal Practice, supra*, § 60.81[1][b][v]. Because wife instituted an independent equitable action based on fraud, and the court granted her relief upon a finding of fraud upon the court, we will analyze husband's conduct under both grounds for relief.

### A. Independent Equitable Action Based on Fraud

An independent equitable action may be brought to attack a facially valid decree on grounds of fraud or mistake. *See Green v. Hartel–Green,* 761 P.2d 222 (Colo. App.1988). However, relief pursuant to an independent action is available only in cases of unusual and exceptional circumstances. *In re Smith,* 989 P.2d 165 (Colo.1999).

The elements of such a cause of action are: (1) a judgment that ought not, in equity and good conscience, to be enforced; (2) a good claim or defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake that prevented the claimant from obtaining the benefit of his claim or defense; (4) the absence of fault or negligence on the part of the claimant; and (5) the absence of any adequate remedy at law. *See In re Smith, supra; Dudley v. Keller,* 33 Colo.App. 320, 521 P.2d 175 (1974).

Although Colorado law is not entirely clear, it appears that a claimant seeking relief through an independent equitable action based on fraud must establish extrinsic fraud as opposed to mere intrinsic fraud. *See In re Estate of Bonfils,* 34 Colo.App. 268, 529 P.2d 340 (1974) (Smith, J., dissenting)(Colorado law does not permit the setting aside of a fraudulently obtained judgment after the expiration of rights under C.R.C.P. 60(b)(2), if the same was the result of intrinsic as opposed to extrinsic fraud), *rev'd,* 190 Colo. 70, 543 P.2d 701 (1975). *See also Fahrenbruch v. People,* 169 Colo. 70, 453 P.2d 601 (1969).

Extrinsic fraud goes to the jurisdiction of the court to hear a case and amounts to a subversion of the legal process itself. *In re Estate of Bonfils, supra.* Extrinsic fraud operates to deprive the person against whom the judgment was rendered of an opportunity to fully or fairly defend, such as where a party was deceived into signing a waiver of summons, and jurisdiction was thereby fraudulently obtained. *See Fahrenbruch v. People, supra.*

Intrinsic fraud, on the other hand, occurs where the fraud pertains to an issue in the original action or where the acts constituting the fraud were or could have been litigated in the original action. *Southeastern Colorado Water Conservancy District v. Cache Creek Mining Trust, supra.*

In discussing the distinction between these two types of fraud, the supreme court stated as follows:

> We have held that only a judgment obtained through fraud "extrinsic" to that judgment is susceptible to collateral attack.... While this court's retention of the distinction between "intrinsic" and "extrinsic" fraud has been criticized, we permit the setting aside of a judgment in equity on a showing of extrinsic fraud alone in such circumstances because such fraud corrupts the judicial power and serves to turn a court of law into an instrument of injustice.

*Southeastern Colorado Water Conservancy District v. Cache Creek Mining Trust, supra,* 854 P.2d at 176 (citations omitted).

We acknowledge that the above-quoted passage from *Southeastern* appears in the court's analysis of a claim of fraud upon the court. However, given the supreme court's consistent distinction between intrinsic and extrinsic fraud, it appears the rule in Colorado is that a party bringing an independent equitable action based upon fraud must assert more than intrinsic fraud such as perjury or nondisclosure by a party to the litigation. *See Foxley v. Foxley,* 939 P.2d 455 (Colo.App.1996)(relying on *Southeastern* for proposition that showing of extrinsic fraud was necessary in independent action to set aside dissolution decree); see also S. Hyatt & S. Hess, *Colorado Civil Rules Annotated* § 60.6 (3d ed.1998) (citing *Southeastern* for proposition that independent equitable action must be based upon extrinsic fraud).

This rule is consistent with the approach followed by a majority of the federal circuits. *See Moore's Federal Practice, supra,* §§ 60.81[1][b][i]–60.81[1][b][iii]. Some circuits have rejected the extrinsic/intrinsic fraud distinction. *See, e.g., Bergman v. Atlantic City,* 860 F.2d 560 (3d Cir.1988). However, a clear majority of courts holds that classic

forms of intrinsic fraud, such as perjury or nondisclosure by a party, are insufficient to warrant relief in an independent action. *See Geo. P. Reintjes Co. v. Riley Stoker Corp.*, 71 F.3d 44 (1st Cir.1995) (absent allegation of involvement by an officer of the court, perjury alone has never been sufficient to support independent equitable action based on fraud); *Bergman v. Atlantic City, supra* (rejecting extrinsic/intrinsic labels but concluding that allegations of perjury or nondisclosure do not constitute adequate grounds for independent action); *Travelers Indemnity Co. v. Gore*, 761 F.2d 1549 (11th Cir.1985) (perjury is an intrinsic fraud that will not support relief from judgment through an independent action); *Great Coastal Express, Inc. v. International Brotherhood of Teamsters*, 675 F.2d 1349 (4th Cir.1982) (notwithstanding considerable criticism leveled against the intrinsic/extrinsic distinction, it is clear that perjury and false testimony are not grounds for relief in an independent action); *Wood v. McEwen*, 644 F.2d 797 (9th Cir.1981) (requiring showing of extrinsic fraud and determining that perjury did not rise to level of extrinsic fraud); *but see Averbach v. Rival Manufacturing Co.*, 809 F.2d 1016 (3d Cir.1987) (elements of independent action are not different from those of Fed. R.Civ.P. 60(b) motion for fraud).

Additionally, we note that C.R.C.P. 60(b)(2), which expressly includes claims based on both intrinsic and extrinsic fraud, contains a six-month time limitation. If the scope of fraud allowed to support an independent equitable action were identical to that allowed under C.R.C.P. 60(b)(2), the six-month time limit contained in that rule would be rendered essentially meaningless. *See Moore's Federal Practice, supra,* § 60.81[1][b] at 60–233 (such an approach would "ignore the fundamental principal [sic] that the older a judgment grows, the greater finality it should be accorded and the greater the burden on the party seeking to set it aside").

■ Finding these authorities and their reasoning persuasive, we now hold that a party seeking relief in an independent equitable action based upon fraud must show more than mere perjury or nondisclosure between the litigants concerning the subject matter of the original action.

Here, husband's concealment of income and assets clearly pertained to the substance and merits of the litigation and involved the parties themselves. Thus, it did not rise to the level of fraud necessary to support an independent equitable action to vacate the underlying permanent orders. *See Southeastern Colorado Water Conservancy District v. Cache Creek Mining Trust, supra; Foxley v. Foxley, supra.*

### B. Fraud Upon the Court

■ Fraud upon the court is closely aligned with, but somewhat narrower than, extrinsic fraud. *See In re Marriage of Glover*, 723 N.E.2d 924 (Ind.App.2000). A fraud upon the court is one that interferes with the judicial machinery itself. *Southeastern Colorado Water Conservancy District v. Cache Creek Mining Trust, supra.*

Fraud on the court

is defined in terms of its effect on the judicial process, not in terms of the content of a particular misrepresentation or concealment. *Fraud on the court* must involve more than injury to a single litigant; it is limited to fraud that "seriously" affects the integrity of the normal process of adjudication. Fraud on the court is limited to fraud that does, or at least attempts to, "defile the court itself" or that is perpetrated by officers of the court "so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases."

*Moore's Federal Practice, supra,* § 60.21[4][a] at 60–52.

■ Examples of fraud upon the court are bribery or other corruption of the court or of a jury, or where an attorney is an accomplice to the fraud. *Southeastern Colorado Water Conservancy District v. Cache Creek Mining Trust, supra; Foxley v. Foxley, supra.* Perjury and other fraud merely between the parties to the litigation, however, do not constitute fraud upon the court. *See Southeastern Colorado Water Conservancy District v. Cache Creek Mining Trust,*

*supra; Moore's Federal Practice, supra,* § 60.21[4][c].

Here, there is no dispute that husband's fraudulent nondisclosure of assets and income was purely between the parties. Thus, insofar as the trial court vacated and modified the permanent orders for property division and maintenance award based upon a determination that husband's conduct amounted to fraud upon the court, this was error.

However, the wife's complaints may be construed as a motion to modify maintenance. On this issue, the cause should be remanded for a hearing on wife's motion, and, if she establishes changed circumstances under § 14–10–122(1)(a), C.R.S.2000, the court should modify maintenance retroactive to the date her complaints were filed.

## II. Compensatory Damages

Our resolution of the property division and maintenance issues does not affect the portion of the judgment determining that wife prevailed on her separate civil fraud claim and awarding her compensatory damages of $55,000. The trial court made specific and detailed findings supporting its ruling. Because the record supports these findings, we will not disturb them on appeal. *See Feit v. Donahue,* 826 P.2d 407 (Colo.App.1992).

## III. Exemplary Damages

■ Husband contends that the trial court erred in awarding exemplary damages. We are not persuaded.

Husband argues that exemplary damages may not be awarded in equitable actions or in actions under C.R.C.P. 60(b). This argument, however, ignores the fact that the trial court also ruled in wife's favor on her separate civil fraud claim—a claim that clearly supports an exemplary damage award. *See* § 13–21–102, C.R.S.2000; *Eads v. Dearing,* 874 P.2d 474 (Colo.App.1993). Indeed, the trial court indicated that it was awarding the exemplary damages pursuant to wife's fraud claim and made the necessary findings to support the award. Under these circumstances, we perceive no error.

## IV. Attorney Fees

■ Finally, husband contends that the award of attorney fees was either erroneous or not supported by sufficient findings. We conclude that a remand is necessary for additional proceedings.

From the record on appeal, we are unable to ascertain the legal basis for wife's fee request or for the trial court's fee award. In her brief, wife asserts that the attorney fees represented "an element of damages" on her fraud claim and independent equitable action. However, in entering the award, the trial court mentioned only wife's "present inability to earn any significant amount of income" and "the conduct of [husband]."

To the extent the trial court awarded fees pursuant to § 14–10–119, C.R.S.2000, such an award could not be upheld here on appeal because the underlying judgment has not, at this point, been properly reopened. *See In re Marriage of Burns,* 717 P.2d 991 (Colo. App.1985) (although wife's equitable action was consolidated with the parties' dissolution of marriage action, because the decree was never reopened, there were no proceedings to which § 14–10–119 would be applicable).

The trial court's findings are simply insufficient to allow us to ascertain whether the fees were properly awarded based upon some other ground such as § 13–17–101, et seq., C.R.S.2000. Consequently, a remand at least for additional findings is necessary. *See In re Marriage of Bowles,* 916 P.2d 615 (Colo. App.1995) (because appellate court was unable to determine basis for the trial court's decision, remand for clarification of findings was necessary). Moreover, the court may, of course, also consider awarding attorney fees under § 14–10–119 in connection with wife's motion to modify maintenance.

The portions of the judgment setting aside and modifying permanent orders and awarding attorney fees are reversed, and the cause is remanded for further proceedings consistent with the views expressed above. In all other respects, the judgment is affirmed.

METZGER and VOGT, JJ., concur.