**Marc P. MISHKIN, Plaintiff-Appellee and Cross-Appellant,**

**v.**

**Dean YOUNG, Defendant-Appellant and Cross-Appellee.**

**No. 07CA1316.**

Colorado Court of Appeals, Div. II.

Oct. 2, 2008.

See also 107 P.3d 393.

Fasing Law Firm, P.C., Gregory J. Fasing, Denver, Colorado, for Plaintiff–Appellee and Cross–Appellant.

Law Offices of Gary S. Cohen, Gary S. Cohen, Denver, Colorado, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge CONNELLY.

This seven-year-old dispute originating over a $1,625 security deposit has journeyed through every level of our state court system

at least once. Marc P. Mishkin (landlord) most recently filed an independent action against Dean Young (tenant), seeking equitable relief from mistakes allegedly made by courts in the security deposit lawsuit. Because such independent actions upset the finality of prior judgments, they may be brought only in exceptionally narrow circumstances. We hold landlord did not properly bring this action within those narrow circumstances, and tenant was entitled to attorney fees. Accordingly, we affirm the judgment in favor of tenant, but reverse and remand for an award of his attorney fees.

## I. Background

The parties entered into a residential lease in 1999 under which tenant provided a $1,625 security deposit. After the tenancy ended in 2001, disputes arose regarding landlord's right to retain most of the deposit for alleged property damages caused by tenant. Tenant filed suit in the county court seeking treble damages for the allegedly illegal retention, and landlord counterclaimed for alleged property damages exceeding the security deposit.

The underlying lawsuit was tried in county court, appealed to the district court, and reviewed in part by the supreme court. In *Mishkin v. Young,* 107 P.3d 393 (Colo.2005), the supreme court ruled in favor of tenant by affirming the district court (which had reversed the county court) regarding landlord's wrongful retention of the security deposit. The supreme court held tenant entitled to treble damages on the amount of the deposit landlord had retained without providing the timely accounting required by the landlord-tenant security deposit act, section 38–12–103, C.R.S.2008. 107 P.3d at 397–400.

The district court's November 2003 judgment had awarded tenant treble damages of $4,723 plus reasonable fees and costs the county court later determined totaled $1,712. In March 2004, after the county court had offset these awards by $1,574 for property damage, the district court reversed the offset, and remanded with specific directions to enter judgment in favor of tenant "in the total amount of $6,436.08, representing $4,723.80 in treble damages and $1,712.28 in

fees and costs." Finally, in April 2005, after the supreme court affirmed the district court, the district court again remanded the case to the county court for entry of this judgment.

Landlord continued to challenge the judgment and claimed he had not received notice and hearing prior to entry of the $1,712 fees and costs award. In December 2005, the county court determined it was without jurisdiction to consider these challenges.

In 2006, landlord initiated a new lawsuit in the district court seeking "independent equitable relief to correct the mistaken" rulings of the district court in the underlying action. The district court granted summary judgment in tenant's favor, but denied tenant's request for attorney fees for defending this new lawsuit.

## II. Discussion

Tenant appeals the denial of fees, and landlord cross-appeals the summary judgment rejecting his independent action. Because the fee claim depends on the propriety of landlord's independent action, we decide the cross-appeal first.

### A. This Was Not a Proper Independent Action.

Landlord argues his new lawsuit was necessary to correct alleged mistakes by the county and district courts in the underlying action. We conclude this new lawsuit cannot be used to obtain further review of final orders in the earlier case.

 Claim preclusion, formerly known as res judicata, operates to bar "relitigation of matters that have been litigated already as well as matters that could have been litigated in a prior proceeding." *Lobato v. Taylor,* 70 P.3d 1152, 1165 (Colo.2003). Indeed, even if a prior ruling was demonstrably wrong, overriding finality interests normally preclude reopening a final judgment. *See id.* at 1166.

C.R.C.P. 60(b) "defines when a court can redress substantive errors in a final judgment," but it provides "[s]trict time limits" for seeking relief. *People in Interest of J.A.U. v. R.L.C.,* 47 P.3d 327, 331–32 (Colo. 2002). Here, the six-month outer limit for

seeking relief from the underlying orders on grounds of "mistake," C.R.C.P. 60(b)(1), indisputably has passed.

Landlord, conceding he is out of time for Rule 60(b) relief, instead relies on a savings clause in that rule. The clause provides that the rule "does not limit the power of a court ... [t]o entertain an independent action to relieve a party from a judgment, order, or proceeding." C.R.C.P. 60(b). Long before the rule was enacted, Colorado had recognized the existence of an "equitable action" to directly attack a prior judgment. *Kavanagh v. Hamilton*, 53 Colo. 157, 163, 125 P. 512, 515 (1912).

■ Independent actions are not governed by the strict time limits of Rule 60(b), and they also allow departure from "rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524 U.S. 38, 46, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998). But deciding whether to allow an independent action implicates many of "the same substantive policies and analysis" as deciding whether to apply preclusion doctrines. *In re Marriage of Mallon*, 956 P.2d 642, 646 (Colo.App. 1998); *compare Moore & Co. v. Williams*, 672 P.2d 999, 1003 (Colo.1983) ("[i]f the issue is not res judicata, the district court's judgment may be challenged ... through an independent action"), *with Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir.1997) (relitigation is precluded "[a]bsent a viable direct attack" on prior order).

■ Precisely *because* independent actions may avoid normal time limits and rules of finality, such actions face higher obstacles than Rule 60(b) motions. *Beggerly*, 524 U.S. at 46, 118 S.Ct. 1862; *cf. In re Marriage of Gance*, 36 P.3d 114, 118 (Colo.App.2001) ("[i]f the scope of fraud allowed to support an independent equitable action were identical to that allowed under C.R.C.P. 60(b)(2), the six-month time limit contained in that rule would be rendered essentially meaningless"). As our supreme court has explained, independent actions have "strict limitations." *Southeastern Colorado Water Conservancy Dist. v. Cache Creek Mining Trust*, 854 P.2d 167, 175, 176 (Colo.1993) (quoting 11 Charles A. Wright & Arthur R. Miller & Mary Kay

Kane, *Federal Practice and Procedure* § 2868, at 239 (1973) ). And "[r]elief pursuant to an independent action is available only in cases of unusual and exceptional circumstances." *In re Smith*, 989 P.2d 165, 170 (Colo.1999) (internal punctuation omitted).

■ There are five "indispensable elements" to an independent action. *Southeastern*, 854 P.2d at 175 (quoting *National Surety Co. v. State Bank of Humboldt*, 120 F. 593, 599 (8th Cir.1903)). A party must show: (1) the order ought not be enforced in equity and good conscience; (2) the party has a meritorious defense to the order; (3) fraud, accident, or mistake prevented prior assertion of this defense; (4) the party acted without fault or negligence; and (5) there is no adequate legal remedy. *Id.*

■ Landlord cannot satisfy the first element. An independent action is "available only to prevent a grave miscarriage of justice." *Beggerly*, 524 U.S. at 47, 118 S.Ct. 1862. Far from satisfying this exceptionally demanding standard, landlord raises garden-variety claims of error allegedly made in the underlying proceedings. He alleges a series of district court "mistakes" resulting in, among other things, a procedurally and substantively erroneous award of attorney fees to tenant. Even if these allegations would have established the type of "mistake" justifying a timely motion under C.R.C.P. 60(b)(1), landlord's "allegations do not nearly approach th[e] demanding standard" for independent actions. *Beggerly*, 524 U.S. at 47, 118 S.Ct. 1862. Here, as in *Beggerly*, "it surely would work 'no grave miscarriage of justice,' and perhaps no miscarriage of justice at all, to allow the judgment to stand." *Id.*

■ Nor can landlord satisfy the fifth requirement for an independent action because the appellate rights available in the underlying action provided an adequate remedy for any alleged errors. *See Miller v. Owens*, 55 Colo. 88, 90, 133 P. 141, 142 (1913); *Winslow v. Williams*, 749 P.2d 433, 435–36 (Colo.App.1987). If indeed there were "mistakes" in the district court's remand orders, landlord's remedy was to seek timely Rule

60(b) relief from the district court or certiorari review from the supreme court. Because those district court orders were filed in November 2003, March 2004, and April 2005, however, the time for any such review long since expired.

*Dudley v. Keller,* 33 Colo.App. 320, 521 P.2d 175 (1974), does not support landlord's action. It allowed an independent action to set aside a default judgment resulting from an attorney's "gross negligence." *Id.* at 324–25, 521 P.2d at 177–78. *Dudley* did not allow correction of allegedly mistaken rulings that the party did challenge or could have challenged in a prior case.

Allowing landlord to bring a new independent equitable action in the district court, appealable of right to this court, would upset clear jurisdictional limits established by the Colorado legislature. Our court has no jurisdiction over landlord-tenant disputes arising in county courts. *See* § 13–6–310(1) & (4), C.R.S.2008; *Gallagher v. Ingram,* 32 P.3d 50, 51 (Colo.App.2001). This case has been reviewed multiple times by the district court sitting as an appellate court and in one instance by the supreme court. Whether or not every ruling was correct, landlord has received all the review to which he is entitled. Adding another level of "equity" review onto these protracted proceedings could perpetuate a landlord-tenant version of *Jarndyce and Jarndyce. See Hess v. Port Authority Trans–Hudson Corp.,* 513 U.S. 30, 48 n. 19, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994) (citing Charles Dickens, *Bleak House* (1853) ).

### B. The Security Deposit Act Entitles Tenant to Attorney Fees.

 Tenant's request for attorney fees under the Security Deposit Act (Act), § 38–12–103(3)(a), C.R.S.2008, raises a legal issue of statutory interpretation that we review de novo. *Mishkin,* 107 P.3d at 396. As the supreme court explained in these same parties' litigation, "our goal is to determine and give effect to the intent of the legislature and adopt the statutory construction that best effectuates the purposes of the legislative scheme." *Id.* (citing *People v. Yascavage,* 101 P.3d 1090, 1093 (Colo.2004)).

The Act provides that "willful retention of a security deposit in violation of this section shall render a landlord liable for treble the amount of that portion of the security deposit wrongfully withheld from the tenant, *together with reasonable attorney's fees and court costs ....*" § 38–12–103(3)(a) (emphasis added). The General Assembly has directed that the Act "be liberally construed" to achieve its purposes. § 38–12–101, C.R.S. 2008. The supreme court has relied on this legislative declaration in construing the Act liberally in favor of tenants. *See Anderson v. Rosebrook,* 737 P.2d 417, 421 (Colo.1987) (construing Act to require that "an exception be made to the common law doctrine of accord and satisfaction").

 The Act's provisions awarding attorney fees to successful tenants are "remedial" in nature. *Carlson v. McCoy,* 193 Colo. 391, 394, 566 P.2d 1073, 1075 (1977). The legislative declaration requiring liberal construction thus confirms expressly what the supreme court long has recognized: "remedial legislation" must "be liberally construed to accomplish its object." *Colorado & S. Ry. v. State R.R. Commission,* 54 Colo. 64, 77, 129 P. 506, 512 (1912); *cf. Flood v. Mercantile Adjustment Bureau, LLC,* 176 P.3d 769, 773 (Colo.2008) (federal fair debt collection practices statute "is a remedial consumer protection statute and should be liberally construed in favor of the consumer") (citing *Shapiro & Meinhold v. Zartman,* 823 P.2d 120, 124 (Colo.1992)).

Consistent with the legislative declaration and these rules of statutory construction, the supreme court has construed the Act's attorney fee provisions broadly in favor of tenants. It has held successful tenants "entitled" to attorney fees for appellate as well as trial court litigation. *Martin v. Allen,* 193 Colo. 395, 396, 566 P.2d 1075, 1076 (1977). This holding relied on the Act's "salutary" purposes:

> [The Act], salutary in nature, is designed to assist tenants in vindicating their legal rights and to equalize the disparity in power which exists between landlord and tenant in conflicts over such relatively small sums. To deny attorney's fees to tenants

**1274**

who are forced to prosecute an appeal would undercut the objectives of these provisions.

*Id.*

A subsequent supreme court opinion referred to the Act's purpose of "insulating the award of damages to the [tenant] from being substantially depleted by attorneys' fees." *Mau v. E.P.H. Corp.,* 638 P.2d 777, 779 (Colo.1981). Consistent with this purpose, *Mau* held the "[a]ttorneys' fees allowable include those incurred in resolving the fee issue." *Id.* at 781.

We conclude that these statutory purposes likewise entitle successful tenants to recover attorney fees for landlords' independent actions challenging rulings and fee awards in the underlying security deposit litigation. If requiring a tenant to defend an appeal without attorney fees "would undercut the [Act's] objectives," *Martin,* 193 Colo. at 396, 566 P.2d at 1076, by "substantially deplet[ing]" the initial award, *Mau,* 638 P.2d at 779, so too would requiring a tenant to take up the gauntlet of an independent action without fees.

Accordingly, tenant is entitled under section 38–12–103(3)(a) to recover fees reasonably incurred in the district court and appellate litigation of this independent action. We need not decide tenant's alternative claim for fees under the general statute covering frivolous or vexatious lawsuits, § 13–17–102(2) & (4), C.R.S.2008.

### III. Conclusion

We affirm the summary judgment in favor of tenant, but reverse the denial of his request for fees. The case is remanded for further proceedings limited to the determination and award of tenant's reasonable attorney fees incurred in this independent action in the district court and on appeal.

Judge TAUBMAN and Judge CARPARELLI concur.