Michael N. KELSO, Plaintiff–Appellant,

v.

RICKENBAUGH CADILLAC COMPANY,
Defendant–Appellee.

No. 10CA1679.

Colorado Court of Appeals,
Div. IV.

Aug. 18, 2011.

Gregg C. McReynolds, LLC, Gregg C. McReynolds, Greenwood Village, Colorado, for Plaintiff–Appellant.

White and Steele, P.C., James M. Dieterich, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge FOX.

Plaintiff, Michael N. Kelso (Kelso), appeals the trial court's order granting Rickenbaugh Cadillac Co.'s (Rickenbaugh) motion to dismiss with prejudice. We affirm.

## I. Background

On July 9, 2008, the Equal Employment Opportunity Commission issued Kelso a right-to-sue notice based on alleged Title VII violations by Rickenbaugh, his former employer. Kelso then sued Rickenbaugh over his termination on September 15, 2008, in Denver District Court, case number 08CV8312 (first case). The first case was filed within the ninety-day time-frame provided in the right-to-sue notice and pursuant to 42 U.S.C. § 2000e–5 (f)(1).

On September 23, 2008, the district court issued a delay reduction order advising Kelso to file a notice to set trial within thirty days of the case becoming at issue. The case became at issue on December 15, 2008, when Rickenbaugh filed its answer. On January 28, 2009, the district court issued an order directing Kelso to set the matter for trial by February 17, 2009, and advising that, absent the setting, the case would be dismissed without prejudice and without further notice. After Kelso failed to set the matter for trial, the district court dismissed the case without prejudice on February 17, 2009. Kelso did not appeal.

On October 20, 2009, more than eight months after the dismissal, Kelso moved to reinstate the case. The district court, noting that Kelso provided "no explanation for [his] noncompliance with the Court's order; nor [explained] why the instant motion was filed more than eight months after the dismissal," denied the motion on November 4, 2009. Kelso then filed an amended motion to reinstate on December 8, 2009, which the district court denied on February 4, 2010, noting that Kelso "failed to establish good cause for the relief requested and [that] the motion [was] untimely filed." Kelso did not appeal.

Kelso filed a new complaint against Rickenbaugh on March 15, 2010, case number 10CV2139 (second case), advancing the same allegations as in the first case.

On May 13, 2010, Rickenbaugh moved to dismiss the second case with prejudice, alleging that the second complaint was untimely because it was not filed within ninety days of Kelso's receipt of the right-to-sue notice as required by 42 U.S.C. § 2000e–5 (f)(1). Kelso responded, arguing that (1) the district court in the first case did not give the required notice before dismissing that complaint, (2) the policy favoring resolution of cases on their merits outweighed concerns over the delay in prosecuting that case, and (3) the second complaint related back to the first complaint and was thus timely. After Rickenbaugh replied, the district court granted the motion to dismiss with prejudice.

Kelso now appeals the order dismissing his second complaint with prejudice. Kelso al-

leges that the trial court erred in dismissing because (1) the second complaint was timely filed and related back to the filing of the first case; (2) the second case should be treated as an independent equitable action; (3) the first dismissal violated C.R.C.P 121 section 1–10, and required him to file a second action; and (4) the policy favoring resolution of disputes on their merits outweighed any delay in prosecuting the first case. As we explain below, the trial court did not err.

### II. First Case (08CV8312)

■ Kelso largely relies on errors he alleges the trial court made in dismissing the first case. Even if the trial court erred, because Kelso did not timely appeal the first case, we lack jurisdiction to consider those contentions.[1] C.A.R. 4(a) (notice of appeal shall be filed with the appellate court within forty-five days of the entry of the judgment, decree, or order from which the party appeals); *Peterson v. People*, 113 P.3d 706, 709 (Colo.2005) (filing a timely notice of appeal in the appellate court is a jurisdictional prerequisite to appellate review). We only have jurisdiction to review the second dismissal.

### III. Standard of Review

■ A ruling on a motion to dismiss presents a question of law that we review de novo. *Lambert v. Ritter Inaugural Committee, Inc.*, 218 P.3d 1115, 1119 (Colo.App.2009). We apply the same standards as the trial court, considering only those matters the complaint raised and accepting all "allegations of material fact as true, viewing the allegations in the light most favorable to the plaintiff." *Id.*

### IV. Second Case (10CV2139)

#### A. Relation Back

■ We reject Kelso's contention that the second case, which contained the same allegations as the first case, was timely filed because the complaint relates back to the September 18, 2008, complaint filed in the first case.

■ Kelso relies on C.R.C.P. 15(c) in support of this contention. The parties fail to cite to a Colorado case directly addressing this issue, and we have not located one. Because the Colorado rule and Federal Rules of Civil Procedure 15(c)(1)(B) are substantially similar as relevant here, case law interpreting the federal rule is persuasive in our analysis of C.R.C.P. 15(c). *See Forbes v. Goldenhersh*, 899 P.2d 246, 249 (Colo.App. 1994).

C.R.C.P. 15(c) states in relevant part:

> Whenever the claim or defense asserted in the *amended* pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the *amendment* relates back to the date of the *original pleading.*

(Emphasis added.) Thus, "C.R.C.P. 15(c) allows an *amended* pleading to relate back to the date of the original pleading under certain circumstances." *Subryan v. Regents of Univ. of Colorado*, 789 P.2d 472, 475 (Colo. App.1989) (emphasis added). Likewise, Fed. R.Civ.P. 15(c)(1)(B) provides that an amendment to a pleading relates back to the date of the original pleading if "the *amendment* asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." (Emphasis added.)

The plain language of the rule clearly provides that it applies only to the amendment of a pleading in an ongoing action and not to the filing of a new complaint in a new case. *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir.2006) (where a Title VII claim was filed more than ninety days after plaintiff received a right-to-sue letter, the second complaint did not "relate back" to her first complaint; her second complaint was not an "amendment" to her first complaint, but rather a separate filing); *Bailey v. N. Indiana Pub. Serv. Co.*, 910 F.2d 406, 413 (7th Cir.1990) (Fed.R.Civ.P. 15(c) by its terms only applies to amended pleadings in the same action as the original timely pleading; because the claim was not contained in

---

1. We cannot review Kelso's contentions that (1) the district court violated C.R.C.P. 121 section 1–10 in dismissing the first case for failure to prosecute; and (2) policy considerations favor deciding the first case on its merits rather than dismissing it on procedural grounds.

an amended pleading in the first action, but in a second and separate complaint, Fed. R.Civ.P. 15(c) was inapplicable); *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 994 (8th Cir.1989) (second complaint could not be construed as an amendment to the dismissed first suit without tampering with the plain meaning of Fed.R.Civ.P. 15(c)).

We are persuaded by these federal cases and conclude that the second complaint did not constitute an amended pleading that related back to the first complaint. The second complaint was itself an original complaint, and Kelso cannot avail himself of the relation back doctrine. Thus, the second complaint was not timely filed, and the trial court properly dismissed it. *See Rush Creek Solutions, Inc. v. Ute Mountain Ute Tribe*, 107 P.3d 402, 406 (Colo.App.2004) (appellate court may affirm a trial court's ruling on any grounds that are supported by the record).

### B. Independent Equitable Action

Kelso next contends that the second complaint should be construed as an independent equitable action seeking relief from the order dismissing his first complaint. We disagree.

▆▆▆ C.R.C.P. 60(b) recognizes an action in a separate civil case seeking equitable relief from a prior court order. The action is a "new action, commenced in the same manner as any other civil action." *Atlas Constr. Co. v. Dist. Court*, 197 Colo. 66, 69, 589 P.2d 953, 955 (1979). An independent equitable action "seeks to invoke the court's inherent power 'to prevent the use of a judgment at law by one who had obtained it against conscience'" and directly attacks the prior judgment or order. *Dudley v. Keller*, 33 Colo. App. 320, 323, 521 P.2d 175, 176–77 (1974) (quoting 7 James Wm. Moore et al., *Federal Practice* § 60.36. (2d ed. 1973)). However, a party may not use an independent equitable action to accomplish what he could have accomplished by appeal. *Winslow v. Williams*, 749 P.2d 433, 436 (Colo.App.1987).

▆▆▆ Here, Kelso's second complaint did not seek relief from the order dismissing the first case. Rather, the second complaint only reasserted his Title VII claim. The sole reference to the prior case was the following introductory statement:

> Plaintiff Kelso filed his original complaint on September 18, 2008, and the Defendant herein filed an answer, in case 08 CV 8312 in Denver District Court. That action was dismissed without prejudice by the Court on February 18, 2009. The Plaintiff filed a motion to reinstate the case on 10–20–09, which was denied, and a second motion to reinstate on 12–8–09, which was denied on 2–4–10. Plaintiff therefore refiles this action under CRS 13–80–111, as the Court dismissed this action without prejudice, and thereafter refused to reinstate the matter and exercise its jurisdiction over the parties by said reinstatement.

This statement, which does not cite C.R.C.P. 60(b) and does not purport to be a separate claim, did not adequately notify the trial court that Kelso advanced an independent equitable action or sought to set aside the dismissal order in the first case. *See Mishkin v. Young*, 198 P.3d 1269, 1271 (Colo.App. 2008).

▆▆▆ Even if the second complaint could properly be construed as an independent equitable action, Kelso does not meet all the requirements for relief:

> There are five 'indispensable elements' to an independent action. A party must show: (1) the order ought not be enforced in equity and good conscience; (2) the party has a meritorious defense to the order; (3) fraud, accident, or mistake prevented prior assertion of this defense; (4) the party acted without fault or negligence; and (5) there is no adequate legal remedy.

*Id.* at 1272 (citation omitted) (citing *Southeastern Colorado Water Conservancy Dist. v. Cache Creek Mining Trust*, 854 P.2d 167, 175–76 (Colo.1993)).

Notably, in the underlying action Kelso had appellate rights available that would have provided an adequate remedy for any alleged errors had he availed himself of the appellate process there. If the trial court erroneously dismissed the case without providing adequate notice pursuant to C.R.C.P. 121, or erroneously denied his motions to reinstate, Kelso's remedy was to seek timely

appellate relief by filing a notice of appeal pursuant to C.A.R. 3 and 4. *Mishkin,* 198 P.3d at 1272–73 (proper remedy was to seek timely C.R.C.P. 60(b) relief or certiorari review from the supreme court); *see also Bailey v. Airgas–Intermountain, Inc.,* 250 P.3d 746, 752 (Colo.App.2010) (a motion to reconsider may be treated as a post-trial motion under C.R.C.P. 59, but it is not required to appeal nor does it limit the issues that may be raised on appeal); *Wyler/Pebble Creek Ranch v. Colo. Bd. of Assessment Appeals,* 883 P.2d 597, 599 (Colo.App.1994) (an order of dismissal without prejudice may constitute a final, appealable order if a limitations period has expired and the case may not be refiled because it is time barred).

Because Kelso did not avail himself of the appellate process in the first case, an independent equitable action was not available to him. *Winslow,* 749 P.2d at 436. Accordingly, we need not address the other elements.

Thus, we conclude that the district court properly dismissed the second case. *See Rush Creek Solutions,* 107 P.3d at 406 (appellate court may affirm a trial court's ruling on any grounds that are supported by the record).

The trial court's dismissal order is affirmed.

Judge GRAHAM and Judge BERNARD concur.