Colorado Court of Appeals Opinions || November 5, 2015


Colorado Court of Appeals -- November 5, 2015
2015 COA 163. No. 14CA2081. Fritsche v. Thoreson.



 Â 

 
 
 
 COLORADO COURT OF APPEALS

 
 2015 COA 163

 
 



 Court of Appeals No. 14CA2081
 Jefferson County District Court No. 14CV306
 Honorable Margie L. Enquist, Judge


 Robert D. Fritsche,

 Plaintiff-Appellant,

 v.

 Elizabeth Fritsche Thoreson,

 Defendant-Appellee.


 ORDER AFFIRMED

 Division VII
 Opinion by JUDGE ASHBY
 Lichtenstein and Miller, JJ., concur

 Announced November 5, 2015


 Robert D. Fritsche, Pro Se

 Gary P. Johnson, Denver, Colorado, for Defendant-Appellee
 Â 

 Â¶1Â Â Â Â Â Â Â Â  Robert D. Fritsche (husband) appeals from the district courtâs order dismissing his complaint, which asserted fraud, theft, and conversion claims against Elizabeth Fritsche Thoreson (wife). We affirm.

 I. Background

 Â¶2Â Â Â Â Â Â Â Â  Husband and wife filed for divorce in 2006. The final decree was issued in April 2007 and incorporated the partiesâ negotiated allocation of marital assets. In January 2013, wife allegedly disclosed, for the first time, income of $69,399 that she had earned in 2011 from an employment-related lawsuit. In July 2013, wife filed sworn financial statements that allegedly disclosed, for the first time, a pension from IBM in the amount of $111,575.94. In the partiesâ original memorandum of understanding, wife stated that she did not then hold retirement benefits with IBM.

 Â¶3Â Â Â Â Â Â Â Â  In November 2013, husband filed with the domestic relations court a motion to modify the final decree under C.R.C.P. 16.2. Through this motion, husband sought to reopen the settlement agreement for a determination of the appropriate allocation of these previously undisclosed assets. The court did not rule on the motion within the sixty-three day period required by C.R.C.P. 59(j) and, thus, it was deemed denied in January 2014.

 Â¶4Â Â Â Â Â Â Â Â  In June 2014, husband filed a motion for relief from judgment under C.R.C.P. 60(a) and (b) in the district court. In August 2014, the district court denied the motion, ruling that because, under C.R.C.P. 16.2(e)(10), the domestic relations court lost jurisdiction over the case five years after the final decree was issued, husbandâs motion, which was filed about six and one-half years later, was untimely. Husband then filed an independent equitable action in district court, asserting fraud, theft, and conversion claims against wife.

 Â¶5Â Â Â Â Â Â Â Â  In October 2014, wife moved to dismiss husbandâs complaint under C.R.C.P. 12(b)(5), 16.2(e)(10), and 60. The district court granted wifeâs motion, ruling that

 [the] case is dismissed pursuant to the holding in In re Marriage of Schelp, 228 P.3d 151 (Colo. 2010). [Husbandâs] sole avenue for relief is (was) the domestic relations case, but any such claims are barred by the five-year statute of limitations. [Husband] has failed to state a claim upon which relief could be granted under any theory of law.

 II. Discussion

 Â¶6Â Â Â Â Â Â Â Â  Husband has raised numerous issues in his opening brief; however, many overlap or are repetitive. Thus, we reduce his contentions of error into two basic questions: (1) Did the district court err by concluding that it lacked jurisdiction to entertain husbandâs claim because his only recourse was in the domestic relations court, which lost jurisdiction five years after the entry of final orders; and (2) did the district court err by concluding that husband had failed to state a claim upon which relief could be granted? We answer both questions âno.â

 Â¶7Â Â Â Â Â Â Â Â  We review the district courtâs dismissal of husbandâs complaint de novo, accepting all allegations of material fact in the complaint as true. Bristol Co. v. Osman, 190 P.3d 752, 754-55 (Colo. App. 2007); Wilson v. Meyer, 126 P.3d 276, 279 (Colo. App. 2005). âDismissal is proper only if, based on the allegations, the plaintiff is not entitled to relief on any legal theory.â Wilson, 126 P.3d at 279.

 A. Rule 16.2(e)(10)

 Â¶8Â Â Â Â Â Â Â Â  The first basis for the district courtâs dismissal was its interpretation of Rule 16.2(e)(10) and Schelp.Â Rule 16.2(e)(10) provides that

 it is the duty of parties to an action for decree of dissolution of marriage, legal separation, or invalidity of marriage, to provide full disclosure of all material assets and liabilities. If the disclosure contains misstatements or omissions, the court shall retain jurisdiction after the entry of a final decree or judgment for a period of 5 years to allocate material assets or liabilities, the omission or non-disclosure of which materially affects the division of assets and liabilities.

 Rule 16.2(e)(10) also provides that it âshall not limit other remedies that may be available to a party by law.â

 Â¶9Â Â Â Â Â Â Â Â  In Schelp, the supreme court held that Rule 16.2(e)(10) rendered Rule 60(b)âs six-month jurisdiction window inactive and â[did] not allow the trial courts to retain jurisdiction to modify property divisions based on disclosures made pursuant to petitions for dissolution that were filed before the effective date of [Rule 16.2(e)(10)].â 228 P.3d at 152, 156. Thus, we conclude that Schelpâs holding is not relevant here.

 Â¶10Â Â Â Â Â Â Â Â  Further, because it does not affect the outcome of this case, we will assume, without deciding, that after implementation of Rule 16.2, a party to the original domestic relations proceedings may file an independent equitable action in district court related to theÂ domestic relations court proceedings after the expiration of that five-year period.

 B. Failure to State a Claim

 Â¶11Â Â Â Â Â Â Â Â  The second basis for the district courtâs dismissal is its conclusion that husband failed to state a claim upon which relief could be granted. We perceive no basis for reversal.

 Â¶12Â Â Â Â Â Â Â Â  Generally, a party may facially attack a prior judgment or decree on the grounds of fraud or mistake. See In re Marriage of Gance, 36 P.3d 114, 117 (Colo. App. 2001); see also C.R.C.P. 60(b); Affordable Country Homes, LLC v. Smith, 194 P.3d 511, 517-18 (Colo. App. 2008) (Bernard, J., specially concurring) (âFraud has long been recognized as an exception to finality that justifies setting judgments aside.â). âHowever, relief pursuant to an independent action is available only in cases of unusual and exceptional circumstances.â Gance, 36 P.3d at 117.Â 

 Â¶13Â Â Â Â Â Â Â Â  The elements of such an independent action are:

 (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

 Se. Colo. Water Conservancy Dist. v. Cache Creek Mining Tr., 854 P.2d 167, 175 (Colo. 1993) (quoting Natâl Sur. Co. v. State Bank of Humboldt, 120 F. 593, 599 (8th Cir. 1903)); Mishkin v. Young, 198 P.3d 1269, 1272 (Colo. App. 2008); Gance, 36 P.3d at 117.

 However, a party who challenges a judgment previously entered in a domestic relations case by âseeking relief through an independent equitable action based on fraud must establish extrinsic fraud as opposed to mere intrinsic fraud.â Gance, 36 P.3d at 117. This is so even when the party is purportedly seeking relief through the assessment of damages as opposed to relief from, or enforcement of, the judgment previously entered.[1]See Gavrilis v. Gavrilis, 116 P.3dÂ 1272, 1273 (Colo. App. 2005) (â[A]lthough [the] complaint asserted only claims for damages, it attacked a judgment previously entered in the dissolution case and consequently had to be viewed as an independent equitable action attacking a facially valid decree . . . .â).

 Â¶14Â Â Â Â Â Â Â Â  Extrinsic fraud is fraud that

 goes to the jurisdiction of the court, or constitutes a fraud upon the law of the forum, or which operates to deprive the person against whom the judgment was rendered of an opportunity to defend the action when he has a meritorious defense. It is such as prevents the party complaining from making a full and fair defense.

 Se. Colo. Water Conservancy Dist., 854 P.2d at 176-77 (quoting Fahrenbruch v. People in Interest of Taber, 169 Colo. 70, 76, 453 P.2d 601, 605 (1969)); see Gance, 36 P.3d at 117.

 Â¶15Â Â Â Â Â Â Â Â  Intrinsic fraud âpertains to an issue involved in the original action or where the acts constituting the fraud were or could have been litigated in the original action.â Se. Colo. Water Conservancy Dist., 854 P.2d at 176-77; Gance, 36 P.3d at 117. AlthoughÂ husband argues that wifeâs failure to disclose assets prevented him from litigating the nondisclosure through the domestic relations case, we agree with the conclusion in Gance that Colorado law requires that âa party seeking relief in an independent equitable action based upon fraud must show more than mere perjury or nondisclosure between the litigants concerning the subject matter of the original action.â 36 P.3d at 118. Perjury and failure to disclose are forms of intrinsic fraud and, therefore, do not warrant relief through an independent action. Id. at 117-18.

 Â¶16Â Â Â Â Â Â Â Â  Here, husbandâs claims are based on wifeâs failure to disclose two separate assets until about six years after the final decree was issued in their divorce proceedings. Thus, he has alleged intrinsic fraud, which is insufficient to entitle him to relief. See id. at 118; see also Foxley v. Foxley, 939 P.2d 455, 459 (Colo. App. 1996); Sanders v. Estate of Sanders, 927 P.2d 23, 30 (N.M. Ct. App. 1996).

 Â¶17Â Â Â Â Â Â Â Â  We note as further support for our conclusion, as did the division in Gance, that if the scope of fraud that is sufficient to support an independent equitable action were the same as that allowed under C.R.C.P. 60(b)(2) and C.R.C.P. 16.2(e)(10), the five-year jurisdictional limitation for the domestic court to allocate anyÂ undisclosed or erroneously valued assets would become meaningless.

 III. Remaining Claims

 Â¶18Â Â Â Â Â Â Â Â  We note that in husbandâs complaint he also alleged claims of theft and conversion against wife. However, as with his fraud claim, these claims do not present such unusual or exceptional circumstances as to permit them to go forward. See Mishkin, 198 P.3d at 1271 (âBecause such independent actions upset the finality of prior judgments, they may be brought only in exceptionally narrow circumstances.â); see also Se. Colo. Water Conservancy Dist., 854 P.2d at 175 (providing the five indispensable elements necessary for an independent cause of action in these circumstances). âAn independent action is âavailable only to prevent a grave miscarriage of justice.ââ Mishkin, 198 P.3d at 1272 (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)).

 IV. Attorney Fees

 Â¶19Â Â Â Â Â Â Â Â  We deny wifeâs request for attorney fees under section 13-17Â­102, C.R.S. 2015, and C.A.R. 38. The statute allows for the imposition of attorney fees if the action âlacked substantial justification.â Â§ 13-17-102(2), (4). An action lacks substantial justification if it is âsubstantially frivolous, substantially groundless, or substantially vexatious.â Â§ 13-17-102(4); In re Marriage of Aldrich, 945 P.2d 1370, 1378 (Colo. 1997).

 Â¶20Â Â Â Â Â Â Â Â  Similarly, Rule 38 permits the granting of attorney fees if the action is frivolous. â[A]n appeal should be considered frivolous if the proponent can present no rational argument based on the evidence or law in support of a proponentâs claim or defense, or the appeal is prosecuted for the sole purpose of harassment or delay.â Mission Denver Co. v. Pierson, 674 P.2d 363, 366 (Colo. 1984).

 Â¶21Â Â Â Â Â Â Â Â  Here, we do not believe the law was so clear and husbandâs argument so irrational as to support the granting of attorney fees. Rather, our opinion decides the issue raised as a matter of first impression. Merely because husband was ultimately unsuccessful does not support the conclusion that his claims were frivolous or otherwise lacking substantial justification. See id. Accordingly, we deny wifeâs request.

 V. Conclusion

 Â¶22Â Â Â Â Â Â Â Â  To be sure, if husbandâs allegations are true, we do not condone wifeâs conduct. Nonetheless, we conclude that under Colorado law the district court properly dismissed husbandâs complaint for failure to state a claim upon which relief can be granted. See Gavrilis, 116 P.3d at 1275 (âWe are persuaded by . . . decisions in other jurisdictions precluding collateral attacks on dissolution decrees. Thus, we hold that here claim preclusion bars wifeâs independent damages action for wrongs allegedly committed by husband in the dissolution proceeding.â); see also Foxley, 939 P.2d at 458-59.

 Â¶23Â Â Â Â Â Â Â Â  The order is affirmed.

 JUDGE LICHTENSTEIN and JUDGE MILLER concur.


 [1] We note that husband specifically argues that the language in C.R.C.P. 16.2(e)(10), which does not limit the filing of an independent action, demonstrates the legislative intent to allow the filing of an independent action as a means to enforce the parties responsibilities in the domestic relations case. However, he concedes that the purpose in filing the civil claims against wife is intended to sanction wife and make husband whole for her allegedly dishonest actions in the domestic case.




These opinions are not final. They may be modified, changed or withdrawn in accordance with Rules 40 and 49 of the Colorado Appellate Rules. Changes to or modifications of these opinions resulting from any action taken by the Court of Appeals or the Supreme Court are not incorporated here. 



Colorado Court of Appeals Opinions || November 5, 2015


Back